# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
# CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE.** **2. PLEASE TYPE OR PRINT.** **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| JESUS SANTIAGO, Plaintiff-Appellee, v. SUPERINTENDENT BRIAN FISCHER, ANTHONY J. ANNUCCI, TERRENCE X. TRACY, Defendants-Appellants, ANDREW M. CUOMO et al., Defendants. | EDNY | Matsumoto, J. |
| | Date the Order or Judgment Appealed from was Entered on the Docket: September 30, 2017 | District Court Docket No.: 12-CV-02137 |
| | Date the Notice of Appeal was Filed: May 30, 2023 | Is this a Cross Appeal? ✓ Yes No |

| | Counsel's Name: Address: Telephone No.: Fax No.: E-mail: |
|---|---|
| **Attorney(s) for Appellant(s):** ✓ Plaintiff / Defendant | Robert Rickner, Rickner PLLC, 14 Wall Street, Suite 1603, New York, NY 10005, Phone: (212) 300-6506, Fax: (888) 390-5401, rob@ricknerpllc.com |
| **Attorney(s) for Appellee(s):** Plaintiff / ✓ Defendant | Blair Greenwald, Assistant Solicitor General 28 Liberty Street, New York, NY 10005, Phone: (212) 416-6102, Fax: (212) 416-8962, blair.greenwald@ag.ny.gov |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? Yes ✓ No |
|---|---|---|---|
| N/A | | | If Yes, provide the following: Case Name: 2d Cir. Docket No.: Reporter Citation: (i.e., F.3d or Fed. App.) |

***ADDENDUM "A"***: **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"***: **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

## PART A: JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| U.S. a party | Diversity | ✓ Final Decision | Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) |
| ✓ Federal question (U.S. not a party) | Other (specify): ________ | Interlocutory Decision Appealable As of Right | Other (specify): ________ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief | |
|---|---|---|---|---|
| Pre-trial | Default judgment | Dismissal/other jurisdiction | ✓ Damages: | Injunctions: |
| During trial | Dismissal/FRCP 12(b)(1) lack of subj. matter juris. | Dismissal/merit | Sought: $ ______ | Preliminary |
| ✓ After trial | Dismissal/FRCP 12(b)(6) failure to state a claim | Judgment / Decision of the Court | Granted: $ ______ | Permanent |
| | Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint | ✓ Summary judgment | Denied: $ ______ | Denied |
| | Dismissal/28 U.S.C. § 1915(e)(2) other dismissal | Declaratory judgment | | |
| | | Jury verdict | | |
| | | Judgment NOV | | |
| | | Directed verdict | | |
| | | Other (specify): | | |

**PART C: NATURE OF SUIT (Check as many as apply)**

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| Antitrust | Communications | Freedom of Information Act | Admiralty/ Maritime | Admiralty/ Maritime | Civil Rights |
| Bankruptcy | Consumer Protection | Immigration | Assault / Defamation | Arbitration | Habeas Corpus |
| Banks/Banking | Copyright ☐ Patent | Labor | FELA | Commercial | Mandamus |
| ✓ Civil Rights | Trademark | OSHA | Products Liability | Employment | Parole |
| Commerce, Energy | Election | Securities | Other (Specify): | Insurance | Vacate Sentence |
| Commodities | Soc. Security | Tax | | Negotiable Instruments | Other |
| Other (specify): ____________ | Environmental | | | Other Specify | |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| Forfeiture/Penalty | Arbitration | ✓ Yes    No |
| Real Property | Attorney Disqualification | Will appeal raise a matter of first impression? |
| Treaty (specify): ________________ | Class Action | Yes    ✓ No |
| Other (specify): ________________ | Counsel Fees | |
| | Shareholder Derivative | |
| | Transfer | |

1. Is any matter relative to this appeal still pending below? Yes, specify: ______________________________ ✓ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   - (A) Arises from substantially the same case or controversy as this appeal? Yes ✓ No
   - (B) Involves an issue that is substantially similar or related to an issue in this appeal? Yes ✓ No

If yes, state whether "A," or "B," or both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |

| Date: 6/27/2023 | Signature of Counsel of Record: /s/ Rob Rickner |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the$505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**<u>PLEASE NOTE</u>: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

## ADDENDUM A

### (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION

Plaintiff Jesus Santiago (Appellee and Cross-Appellant) was illegally given to a term of post-release supervision based on policies enacted and enforced by the Defendants Brian Fischer, Anthony J. Annucci, and Terrence Tracy (Appellants and Cross-Appellees). These Defendants had no authority to impose this term of post-release supervision, whatsoever, as confirmed in *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006). Despite clear law, Defendants continued enforcing illegal terms of post-release supervision, causing Plaintiff to be incarcerated twice. Plaintiff was granted summary judgment in 2017 as to liability for his time incarcerated from June 12, 2007 to February 6, 2008. Plaintiff was awarded a total of $850,000.00 at trial for this part of his claim. But in the same opinion, the District Court dismissed the second part of his claim for a second incarceration from September 14, 2010 to December 15, 2010. Plaintiff now appeals this narrow part of the summary judgment decision.

### (2) THE RESULT BELOW

Defendants Brian Fischer, Anthony J. Annucci, and Terrence Tracy were granted summary judgment dismissing Plaintiff Jesus Santiago's claim for his second incarceration from September 14, 2010 to December 15, 2010.

## (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET

APPEAL

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CIVIL DOCKET FOR CASE #: 1:12-cv-02137-KAM-ST

Santiago v. Fischer et al
Assigned to: Judge Kiyo A. Matsumoto
Referred to: Magistrate Judge Steven Tiscione
Cause: 42:1983 Civil Rights Act

Date Filed: 05/01/2012
Date Terminated: 11/30/2022
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Jesus Santiago**

represented by **Gabriel Estadella**
Zarco Einhorn Salkowski & Brito
100 Southeast 2nd St., Suite 2700
Miami, FL 33131
(305) 374-5418
Fax: (305) 374-5428
Email: gestadella@zarcolaw.com
*TERMINATED: 10/11/2017*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Howard Rickner**
Rickner PLLC
14 Wall Street
Suite 1603
New York, NY 10005
212-300-6506
Fax: 888-390-5401
Email: rob@ricknerpllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel Abbott Wertheimer**
Wertheimer LLC
Wertheimer LLC
14 Wall Street, Suite 1603
10005
New York, NY 10005
646-720-1098
Email: joel@joelwertheimer.com
*ATTORNEY TO BE NOTICED*

**Robert Laurence Greenberg**
Robert L. Greenberg, P.C.
43 West 43rd Street #157
New York, NY 10036
212-644-0313
Fax: 646-328-4518

Case 23-8154, Document 20, 05/30/2023, 3523245, Page6 of 86

Email: rgreenberg@robertlgreenberg.com
*TERMINATED: 01/03/2020*
*ATTORNEY TO BE NOTICED*

**Stephanie Panousieris**
Rickner PLLC
14 Wall Street
Ste 1603
New York, NY 10005
212-300-6506
Email: stephanie@ricknerpllc.com
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Andrew M. Cuomo**
*individually and as Governor of the State of New York*
*TERMINATED: 09/30/2017*

**<u>Defendant</u>**

**Superintendent Brian Fischer**
*individually and as Commissioner of the New York State Department of Corrections and Community Supervision*

represented by **Michael J. Keane**
Office Of The Attorney General
State of New York
120 Broadway
New York, NY 10271
212-416-8550
Fax: 212-416-6075
Email: michael.keane@ag.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barbara K. Hathaway**
Attorney General's Office
State of New York
28 Liberty Street
New York, NY 10005
(212)416-8572
Fax: 212-416-6009
Email: barbara.hathaway@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Rebecca A. Durden**
NYS Office of The Attorney General
NY
28 Liberty Street
NEW YORK
New York, NY 10005
212-416-8653
Email: rebecca.durden@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Andrea W. Evans**
*individually and as Chairwoman of the New York State Board of Parole*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barbara K. Hathaway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**State of New York**
*TERMINATED: 09/30/2017*

**Defendant**

**John Does 1-10**
*DOCS Supervisory, Training, and Policy Personnel*
*TERMINATED: 09/30/2017*

**Defendant**

**Anthony J. Annucci**
*individually and as Deputy Commissioner of and Counsel to DOCS*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barbara K. Hathaway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca A. Durden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lucien J. Leclaire, Jr.**
*individually and as former acting Commissioner of DOCS*
*TERMINATED: 09/30/2017*

represented by **Barbara K. Hathaway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Glenn S Goord**
*individually and as former acting Commissioner of DOCS*
*TERMINATED: 09/30/2017*

represented by **Barbara K. Hathaway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anthony G. Ellis, II**
*individually and as former Executive Director of DOP*
*TERMINATED: 09/30/2017*

represented by **Barbara K. Hathaway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**George B. Alexander**
*individually and as former Chairman and Chief Executive Officer of DOP;*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barbara K. Hathaway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Terrence X. Tracy**
*individually and as Chief Counsel to DOP*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rebecca A. Durden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kevin G Ludlow**
*individually and as DOP Commissioner*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barbara K. Hathaway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lisa Elovich**
*individually and as DOP Commissioner*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sally A. Thompson**
*individually and as DOP Commissioner*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barbara K. Hathaway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Arroyo**
*individually and as DOP Area Supervisor*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **William McCartney**<br>*individually and as DOP Area Supervisor*<br>*TERMINATED: 09/30/2017* | represented by | **Michael J. Keane**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **McKinney**<br>*individually and as DOP Area Supervisor*<br>*TERMINATED: 09/30/2017* | represented by | **Michael J. Keane**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Fleischman**<br>*individually and as DOP Senior Parole Officer*<br>*TERMINATED: 09/30/2017* | represented by | **Michael J. Keane**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Paredes**<br>*individually and as DOP Senior Parole Officer*<br>*TERMINATED: 09/30/2017* | represented by | **Michael J. Keane**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Darryl Stevenson**<br>*individually and as DOP Senior Parole Officer*<br>*TERMINATED: 09/30/2017* | represented by | **Michael J. Keane**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **J Mason**<br>*individually and as DOP Parole Officer*<br>*TERMINATED: 09/30/2017* | represented by | **Michael J. Keane**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Cynthia Johnson**<br>*individually and as DOP Parole Officer*<br>*TERMINATED: 09/30/2017* | represented by | **Michael J. Keane**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **P Alvarez**<br>*individually and as DOP Parole Officer*<br>*TERMINATED: 09/30/2017* | represented by | **Michael J. Keane**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Richard Corrado**
*individually and as DOP Parole Officer*
*TERMINATED: 09/30/2017*

**Defendant**

Case 23-8155, Document 20, 05/30/2023, 3522495, Page10 of 86

**Council**
*individually and as DOP Parole Officer*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Zunno**
*individually and as DOP Parole Officer*
*TERMINATED: 09/30/2017*

**Defendant**

**John Does 11-20**
*DOP Supervisory, Training, and Policy Personnel*
*TERMINATED: 09/30/2017*

**Defendant**

**Robert J. Dennison**
*individually and as former Chairman ofDOP*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barbara K. Hathaway**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/01/2012 | 1 | COMPLAINT against All Defendants Disclosure Statement on Civil Cover Sheet completed -yes,, filed by Jesus Santiago. (Attachments: # 1 Civil Cover Sheet) (Bowens, Priscilla) (Entered: 05/02/2012) |
| 05/01/2012 | | FILING FEE: $ 350, receipt number 4653043188 (Bowens, Priscilla) (Entered: 05/02/2012) |
| 05/01/2012 | | Summons Issued as to All Defendants. (Bowens, Priscilla) (Entered: 05/02/2012) |
| 05/01/2012 | 2 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that ***if*** all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if** the parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences**. (Bowens, Priscilla) (Entered: 05/02/2012) |
| 05/20/2012 | 3 | SUMMONS Returned Executed by Jesus Santiago. State of New York served on 5/7/2012, answer due 5/29/2012. (Estadella, Gabriel) (Entered: 05/20/2012) |
| 05/22/2012 | 4 | SUMMONS Returned Executed by Jesus Santiago. Brian Fischer served on 5/14/2012, answer due 6/4/2012. (Estadella, Gabriel) (Entered: 05/22/2012) |
| 05/22/2012 | 5 | SUMMONS Returned Executed by Jesus Santiago. Andrea W. Evans served on 5/14/2012, answer due 6/4/2012. (Estadella, Gabriel) (Entered: 05/22/2012) |

| | | |
|---|---|---|
| 05/22/2012 | 6 | Summons Returned Unexecuted by Jesus Santiago as to Andrew M. Cuomo. (Estadella, Gabriel) (Entered: 05/22/2012) |
| 05/30/2012 | 7 | Request for Certificate of Default by Jesus Santiago (Attachments: # 1 Affidavit in Support, # 2 Proposed Order) (Estadella, Gabriel) (Entered: 05/30/2012) |
| 05/30/2012 | 8 | Clerk's ENTRY OF DEFAULT It appearing from the docket maintained in this action that Defendant State of New York has failed to appear or otherwise defend this action, the default of Defendant State of New York is hereby noted pursuant to Rule 55a of the Federal Rules of Civil Procedure. (Hamilton, Janet) (Entered: 05/30/2012) |
| 05/30/2012 | 9 | First MOTION for Default Judgment as to *defendant State of New York* by Jesus Santiago. (Attachments: # 1 Affidavit in Support, # 2 Exhibit, # 3 Certificate of Service) (Estadella, Gabriel) (Entered: 05/30/2012) |
| 06/01/2012 | 10 | NOTICE of Appearance by Michael J. Keane on behalf of Brian Fischer (notification declined or already on case) (Keane, Michael) (Entered: 06/01/2012) |
| 06/02/2012 | 11 | First MOTION for Extension of Time to File Answer *or Response to Complaint* by Brian Fischer. (Keane, Michael) (Entered: 06/02/2012) |
| 06/04/2012 | 12 | AMENDED COMPLAINT *(FIRST)* against All Defendants, filed by Jesus Santiago. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T) (Estadella, Gabriel) (Entered: 06/04/2012) |
| 06/14/2012 | | ORDER. In light of defendant Brian Fischer's letter dated 06/01/12 11 and the Amended Complaint filed on 06/04/12 12 , which does not name the State of New York as a defendant, the parties shall work together to resolve plaintiff's pending motion for default judgment 9 and defendant Fischer's request for a pre-motion conference 11 . By 07/09/12, the parties shall advise the court whether the motion for default judgment may be dismissed or withdrawn and whether a pre-motion conference is still necessary. Ordered by Judge Kiyo A. Matsumoto on 06/14/2012. (Ravi, Sagar) (Entered: 06/14/2012) |
| 06/15/2012 | 13 | MOTION to Withdraw 9 First MOTION for Default Judgment as to *defendant State of New York* by Jesus Santiago. (Estadella, Gabriel) (Entered: 06/15/2012) |
| 06/18/2012 | | ORDER withdrawing Motion for Default Judgment 9 ; finding as moot Motion for Extension of Time to Answer 11 ; and granting Motion to Withdraw 13 . On the basis of plaintiff's motion dated 06/15/12 13 to withdraw his motion for default judgment filed on 05/30/12 as to defendant State of New York 9 , the motion to withdraw is granted. Additionally, in light of the filing of an amended complaint on 06/04/12 12 , defendant Brian Fischer's request dated 06/02/12 11 for additional time to file a response to the complaint is moot. By 07/09/12, the parties shall advise the court whether any party intends to make a dispositive motion and whether a pre-motion conference is still necessary. Ordered by Judge Kiyo A. Matsumoto on 06/18/2012. (Ravi, Sagar) (Entered: 06/18/2012) |
| 06/25/2012 | 14 | Amended Summons Issued as to George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Richard Corrado, Council, Robert J. Dennison, Anthony G. Ellis, II, Lisa Elovich, Fleischman, Glenn S Goord, Cynthia Johnson, Lucien J. Leclaire, Jr, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy, Zunno. (Marziliano, August) (Entered: 06/25/2012) |
| 06/26/2012 | 15 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. George B. Alexander waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |

| 06/26/2012 | 16 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. P Alvarez waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
|---|---|---|
| 06/26/2012 | 17 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Council waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/26/2012 | 18 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Robert J. Dennison waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/26/2012 | 19 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Lisa Elovich waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/26/2012 | 20 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Fleischman waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/26/2012 | 21 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Cynthia Johnson waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/26/2012 | 22 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Kevin G Ludlow waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/26/2012 | 23 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. J Mason waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/26/2012 | 24 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Darryl Stevenson waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/26/2012 | 25 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Sally A. Thompson waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/26/2012 | 26 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Terrence X. Tracy waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/28/2012 | 27 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. McKinney waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/28/2012) |
| 06/28/2012 | 28 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. William McCartney waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/28/2012) |
| 07/09/2012 | 29 | First MOTION for pre motion conference *for dispositive relief* by Jesus Santiago. (Estadella, Gabriel) (Entered: 07/09/2012) |
| 07/09/2012 | | ORDER re: Plaintiff's Motion Requesting a Pre-motion Conference 29 . In accordance with the Section IV(B)(1) of the court's Chambers Practices, by 7/13/2012, defendants shall respond to plaintiff's letter dated 7/9/2012 requesting a pre-motion conference 29 . Ordered by Judge Kiyo A. Matsumoto on 7/9/2012. (Kelley, Jamuna) (Entered: 07/09/2012) |
| 07/09/2012 | 30 | NOTICE of Appearance by Michael J. Keane on behalf of George B. Alexander, P Alvarez, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy (aty to be noticed) (Keane, Michael) (Entered: 07/09/2012) |
| 07/09/2012 | 31 | Second MOTION for pre motion conference by George B. Alexander, P Alvarez, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 07/09/2012) |

| | | |
|---|---|---|
| 07/13/2012 | 32 | REPLY in Opposition *to plaintiff's proposed motion* filed by George B. Alexander, P Alvarez, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 07/13/2012) |
| 07/13/2012 | 33 | REPLY in Opposition re 31 Second MOTION for pre motion conference filed by Jesus Santiago. (Estadella, Gabriel) (Entered: 07/13/2012) |
| 07/17/2012 | 34 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Zunno waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 07/17/2012) |
| 07/17/2012 | | ORDER granting Motions for Pre-Motion Conference 29 31 . On 08/03/12 at 3:00 PM, the parties are directed to participate in a telephonic pre-motion conference regarding their proposed motions. Defendants shall initiate the call with plaintiff and then call the court at (718) 613-2180 when all parties are on the line. Ordered by Judge Kiyo A. Matsumoto on 07/17/2012. (Ravi, Sagar) (Entered: 07/17/2012) |
| 08/03/2012 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto: Pre-Motion Conference held on 08/03/2012. Appearances: Gabriel Estadella, Esq. for plaintiff; Michael Keane, Esq. for defendants. By 08/10/12, plaintiff shall file a letter via ECF advising the court whether he is available to prosecute this case, including providing discovery and being available for a deposition, if the court decides not to grant defendants' request for a stay. By 08/17/12, the parties shall confer and file a joint status letter advising the court how they wish to proceed with this case. Ordered by Judge Kiyo A. Matsumoto on 08/03/12. (Ravi, Sagar) (Entered: 08/03/2012) |
| 08/06/2012 | 35 | Letter *Regarding Alleged Fugitive Status* by Jesus Santiago (Estadella, Gabriel) (Entered: 08/06/2012) |
| 08/17/2012 | 36 | STATUS REPORT *Jointly, Defendants and Plaintiff* by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Richard Corrado, Council, Andrew M. Cuomo, Robert J. Dennison, Anthony G. Ellis, II, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Glenn S Goord, Cynthia Johnson, Lucien J. Leclaire, Jr, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, State of New York, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy, Zunno (Keane, Michael) (Entered: 08/17/2012) |
| 08/20/2012 | | ORDER STAYING CASE for Appeal Proceeding. In light of the parties' joint status report dated 08/17/12 36 , this case is stayed during the pendency of the Second Circuit appeal in Betances v. Fischer (No. 12-704), which has been consolidated with Bentley v. Dennison (No. 12-741). The parties shall immediately notify the court of any decision from the Second Circuit in those appeals or of any other relevant decision that may be issued. Ordered by Judge Kiyo A. Matsumoto on 08/20/2012. (Ravi, Sagar) (Entered: 08/20/2012) |
| 09/18/2013 | 37 | Letter *re Stay/Appeals* by Jesus Santiago (Estadella, Gabriel) (Entered: 09/18/2013) |
| 09/19/2013 | | STATUS REPORT ORDER: Upon review of status letter 37 , counsel is hereby directed to file a further status report upon adjudication of the petition for rehearing en banc by the Second Circuit Court of Appeals. Ordered by Judge Kiyo A. Matsumoto on 9/19/2013. (Beauchamp, Peter) (Entered: 09/19/2013) |
| 08/13/2014 | 38 | NOTICE of Appearance by Robert Laurence Greenberg on behalf of All Plaintiffs (aty to be noticed) (Greenberg, Robert) (Entered: 08/13/2014) |
| 08/13/2014 | 39 | Letter MOTION to Vacate *Stay* by Jesus Santiago. (Greenberg, Robert) (Entered: 08/13/2014) |

| | | |
|---|---|---|
| 09/11/2014 | | ORDER granting 39 Motion to Vacate Stay; ORDER LIFTING STAY. In light of the Second Circuit's decisions, the stay of this case is lifted. The parties are ordered to confer and provide the court with a status report regarding how they intend to proceed by September 18, 2014. Ordered by Judge Kiyo A. Matsumoto on 9/11/2014. (Keefe, Reed) (Entered: 09/11/2014) |
| 09/18/2014 | 40 | STATUS REPORT *Pursuant to 9/11 Order* by George B. Alexander, P Alvarez, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy (Keane, Michael) (Entered: 09/18/2014) |
| 09/19/2014 | | STATUS REPORT ORDER Status Report due by 10/3/2014. By October 3, the parties should submit an additional status report regarding whether they will seek a pre-motion conference and whether they anticipate requesting an additional stay of the case. Ordered by Judge Kiyo A. Matsumoto on 9/19/2014. (Keefe, Reed) (Entered: 09/19/2014) |
| 10/03/2014 | 41 | STATUS REPORT by Brian Fischer (Keane, Michael) (Entered: 10/03/2014) |
| 10/06/2014 | | Order granting Defendant's Motion Requesting a Pre-motion Conference 41 . On 10/28/2014 at 1:30PM, the parties are directed to participate in a telephonic pre-motion conference regarding Defendants' proposed motions and Plaintiff's discovery request. Defendants shall initiate the call with plaintiff and then call the court at (718) 613-2180 when all parties are on the line. Plaintiff shall file a letter via ECF advising the court as to the nature and basis for the discovery requested by 10/21/2014. Any response from Defendants must be filed by 10/24/14. Defendants shall file a letter via ECF setting the basis for their motion and a proposed briefing schedule by 10/21/2014, and any response from Plaintiff must be filed by 10/24/14. Ordered by Judge Kiyo A. Matsumoto on 10/6/2014. (Gong, LiJia) (Entered: 10/06/2014) |
| 10/22/2014 | 42 | Letter by Anthony J. Annucci (Keane, Michael) (Entered: 10/22/2014) |
| 10/24/2014 | | SCHEDULING ORDER: Due to a conflict on the court's calendar, the telephonic conference set for Tuesday, October 28, 2014 at 1:30 p.m. is rescheduled for Tuesday, October 28, 2014 at 2:30 p.m. Ordered by Judge Kiyo A. Matsumoto on 10/24/2014. (Gong, LiJia) (Entered: 10/24/2014) |
| 10/28/2014 | 43 | STATUS REPORT *re: discovery* by Anthony J. Annucci (Attachments: # 1 Exhibit) (Keane, Michael) (Entered: 10/28/2014) |
| 10/28/2014 | | SCHEDULING ORDER: At the joint request of the parties, a status conference is set for 11/10/2014 at 9:30 a.m. (by tel.) to discuss discovery. Ordered by Magistrate Judge Marilyn D. Go on 10/28/2014. (Moo-Young, Jillian) (Entered: 10/28/2014) |
| 10/28/2014 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto:Pre Motion Conference held on 10/28/2014. In light of questions about the involvement of certain defendants and the extent to which the defendant was in DOCCS custody during his post-release supervision, the court refers the case to Magistrate Judge Marilyn D. Go for supervision of limited discovery on the foregoing issues. Within three weeks of the conclusion of this limited discovery, the plaintiff may file an amended complaint. Within two weeks of the plaintiff's submission the amended complaint, the parties shall submit letters requesting pre-motion conferences, to the extent they intend to engage in motion practice at that time. (Gong, LiJia) (Entered: 10/28/2014) |
| 10/28/2014 | | SCHEDULING ORDER: A telephone conference is set for 10/31/2014 at 12:00 p.m. before Magistrate Judge Marilyn D. Go. Ordered by Magistrate Judge Marilyn D. Go on 10/28/2014. (Hugh, Lewis) (Entered: 10/28/2014) |

Case 23-8154, Document 120, 06/20/2023, 3532495, Page15 of 158

| | | |
|---|---|---|
| 10/29/2014 | | SCHEDULING ORDER: at the parties' request, the telephone conference set for 10/31/14 is adjourned to **11/6/14 at 10:00 a.m.** The conference previously scheduled for 11/10/14 is canceled. Ordered by Magistrate Judge Marilyn D. Go on 10/29/2014. (Proujansky, Josh) (Entered: 10/29/2014) |
| 10/29/2014 | 44 | MOTION to Disqualify Counsel */Retain Counsel of Choice* by Jesus Santiago. (Brucella, Michelle) (Entered: 10/29/2014) |
| 10/29/2014 | | SCHEDULING ORDER: Any response by plaintiff's counsel to the 44 motion must be filed by 11/3/2014. Ordered by Magistrate Judge Marilyn D. Go on 10/29/2014. (Moo-Young, Jillian) (Entered: 10/29/2014) |
| 11/03/2014 | 45 | RESPONSE to Motion re 44 MOTION to Disqualify Counsel */Retain Counsel of Choice* filed by All Plaintiffs. (Greenberg, Robert) (Entered: 11/03/2014) |
| 11/06/2014 | | Minute Entry for Status Conference held on 11/6/2014 before Magistrate Judge Marilyn D. Go: Appearances by R. Greenberg for plaintiff; M. Keane, A. Melnitzky for defendants. After discussions, court ordered discovery to be completed by 1/16/15. Parties must make best efforts to respond to discovery requests in fewer than 30 days. FTR/c: 12:11-12:25 (Hugh, Lewis) (Entered: 11/07/2014) |
| 12/09/2014 | 46 | REPLY to Response to Motion re 44 MOTION to Disqualify Counsel */Retain Counsel of Choice* filed by All Plaintiffs. (Greenberg, Robert) (Entered: 12/09/2014) |
| 12/12/2014 | 47 | RESPONSE to Motion re 44 MOTION to Disqualify Counsel */Retain Counsel of Choice* filed by All Plaintiffs. (Greenberg, Robert) (Entered: 12/12/2014) |
| 12/23/2014 | | ORDER withdrawing 44 Motion to Disqualify Counsel in light of letter filed by plaintiff's counsel 47 on 12/12/2014. Ordered by Magistrate Judge Marilyn D. Go on 12/23/2014. (Go, Marilyn) (Entered: 12/23/2014) |
| 12/23/2014 | | SCHEDULING ORDER: A telephone status conference is set for 1/21/2015 at 09:30 AM before Magistrate Judge Marilyn D. Go. Ordered by Magistrate Judge Marilyn D. Go on 12/23/2014. (Hugh, Lewis) (Entered: 12/23/2014) |
| 12/30/2014 | 48 | TRANSCRIPT of Proceedings held on November 6, 2014, before Judge Go. Court Transcriber ARIA SERVICES, INC, Telephone number 845-260-1377. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 1/20/2015. Redacted Transcript Deadline set for 1/30/2015. Release of Transcript Restriction set for 3/30/2015. (Rocco, Christine) (Entered: 12/30/2014) |
| 01/16/2015 | 49 | Letter *to Augusta Correctional, Copied to Court* by Jesus Santiago (Greenberg, Robert) (Entered: 01/16/2015) |
| 01/21/2015 | | Minute Entry for Status Conference held on 1/21/2015 before Magistrate Judge Marilyn D. Go: Appearances by R. Greenberg for plaintiff; M. Keane, A. Melnitzky for defendants. Discovery is extended to 2/17/2015 to give the parties additional to obtain records from Virginia regarding plaintiff's custody. Next conference scheduled for 2/17/2015 at 4:30 p.m. (by tel.) FTR: 9:35-9:44 (Hugh, Lewis) (Entered: 01/22/2015) |
| 02/17/2015 | | Minute Entry for Status Conference held on 2/17/2015 before Magistrate Judge Marilyn D. Go: Appearances by R. Greenberg for plaintiff; M. Keane for defendants. Discovery is extended to 3/6/15. Defendants must provide plaintiff by 3/6/15 with a time computation analysis when plaintiff was in custody or under supervision during the relevant time |

| | | |
|---|---|---|
| | | period. Next conference scheduled for 3/10/2015 at 2:00 p.m. (by tel.) (Hugh, Lewis) (Entered: 02/18/2015) |
| 03/07/2015 | 50 | STATUS REPORT *re: Timeline of Events* by George B. Alexander, P Alvarez, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy (Keane, Michael) (Entered: 03/07/2015) |
| 03/10/2015 | | Minute Entry for Status Conference held on 3/10/2015 before Magistrate Judge Marilyn D. Go: Appearances by telephone by R. Greenberg for plaintiff: M. Keane for defendants. By 3/17/2015, the parties must exchange the documents they have obtained during the period of limited discovery herein, and any documents relevant to the claims in this action and the chronology filed. All documents produced, except for those publicly available, shall be subject to a blanket protective order set forth in a separate order, which may be modified upon request of the parties. Next conference will be held on 3/24/2015 at 10:00 a.m. (by tel.). FTR/c: 2:13-2:36 (Hugh, Lewis) Modified on 3/11/2015 (Hugh, Lewis) (Entered: 03/11/2015) |
| 03/19/2015 | | PROTECTIVE ORDER: To facilitate and expedite discovery in this action, this Court ordered at a conference on March 3, 2015 that counsel for the parties must maintain the confidentiality of all documents produced in this action and may not disclose them to others, including clients, absent agreement of the other side or court order. However, this protective order does not limit the use and disclosure of any documents produced by the defendants in the regular course of business or which are publicly available, such as court docket sheets and publicly filed court documents. Ordered by Magistrate Judge Marilyn D. Go on 3/19/2015. (Moo-Young, Jillian) (Entered: 03/19/2015) |
| 03/24/2015 | | Minute Entry for Status Conference held on 3/24/2015 before Magistrate Judge Marilyn D. Go: Appearances by R. Greenberg for plaintiff; M. Keane for defendants. Defense counsel advises that defendants will belatedly produce the remaining documents by the afternoon. The parties must confer about the completeness of the production and how they wish to proceed defendants' contemplated motion. Next conference scheduled for 3/30/2015 at 2:00 p.m. (by tel.) FTR/C: 10:24-10:37 (Hugh, Lewis) (Entered: 03/25/2015) |
| 03/26/2015 | 51 | Letter *to Sussex I State Prison* by Jesus Santiago (Attachments: # 1 Appendix) (Greenberg, Robert) (Entered: 03/26/2015) |
| 03/30/2015 | | Minute Entry for Status Conference held on 3/30/2015 before Magistrate Judge Marilyn D. Go: Appearances by R. Greenberg for plaintiff; M. Keane for defendants. Counsel both state that the parties have sufficient facts to proceed to have liability issues determined by summary judgment. Plaintiff's counsel advises that he does not intend to amend the complaint. The following schedule is set, as directed by Judge Matsumoto at a conference on 10/28/15: any party seeking to move for summary judgment must file a letter requesting a pre-motion conference by 4/3/15 and any response must be filed by 4/10/15. FTR/C: 2:23-2:33 (Hugh, Lewis) (Entered: 03/31/2015) |
| 04/03/2015 | 52 | Third MOTION for pre motion conference *for dispositive relief* by Jesus Santiago. (Greenberg, Robert) (Entered: 04/03/2015) |
| 04/15/2015 | | ORDER granting 52 Motion for Pre Motion Conference. A telephonic pre-motion conference is set for 4/20/2015 at 03:00 PM before Judge Kiyo A. Matsumoto in this matter. Plaintiff shall arrange the call and call into chambers when all parties are on the line (718-613-2180). Ordered by Judge Kiyo A. Matsumoto on 4/15/2015. (Gong, LiJia) (Entered: 04/15/2015) |

| | | |
|---|---|---|
| 04/20/2015 | 53 | NOTICE of Consent to Change Attorney by Robert Laurence Greenberg (Greenberg, Robert) (Entered: 04/20/2015) |
| 04/20/2015 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto:Pre Motion Conference held on 4/20/2015. Appearances: Robert Greenberg for plaintiff; Michael Keane for defendants. The following briefing schedule was adopted for the parties' cross motions for summary judgment. The parties' opening briefs shall be served on May 22, 2015; the oppositions shall be served on June 22, 2015; and the replies are due on July 15, 2015. The fully-briefed motions shall be filed on July 15, 2015. The parties are requested to deliver two courtesy copies to chambers on July 15, 2015. (Gong, LiJia) (Entered: 04/20/2015) |
| 05/20/2015 | 54 | MOTION for Extension of Time to File *and serve motions of defendants and plaintiffs for summary judgment* by George B. Alexander, P Alvarez, Arroyo, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 05/20/2015) |
| 05/20/2015 | | ORDER granting 54 Motion for Extension of Time to File. Parties' opening briefs shall be served (not filed) by May 29, 2015. Ordered by Judge Kiyo A. Matsumoto on 5/20/2015. (Gong, LiJia) (Entered: 05/20/2015) |
| 05/28/2015 | 55 | Second MOTION for Extension of Time to File *Defendants' Summary Judgment Motion* by Brian Fischer. (Keane, Michael) (Entered: 05/28/2015) |
| 05/28/2015 | | ORDER granting 55 Motion for Extension of Time to File. The parties shall serve their summary judgment motions on their adversaries on June 5, 2015. The remainder of the briefing schedule previously ordered by the court remains in effect. Ordered by Judge Kiyo A. Matsumoto on 5/28/2015. (Alagesan, Deepa) (Entered: 05/28/2015) |
| 06/01/2015 | 56 | ORDER re 53 Notice of Consent to Change Attorney: The substitution of attorney is hereby approved and So Ordered. Ordered by Judge Kiyo A. Matsumoto on 5/28/2015. (Brucella, Michelle) (Entered: 06/01/2015) |
| 06/22/2015 | 57 | MOTION for Extension of Time to File Response/Reply by George B. Alexander, P Alvarez, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 06/22/2015) |
| 06/22/2015 | | ORDER granting 57 Motion for Extension of Time to File Response/Reply. Oppositions shall be served by 7/8/2015 Replies shall be served by 7/15/2015. Fully-briefed motions shall be filed by 7/15/2015. Ordered by Judge Kiyo A. Matsumoto on 6/22/2015. (Gong, LiJia) (Entered: 06/22/2015) |
| 07/14/2015 | 58 | MOTION for Extension of Time to File Response/Reply by George B. Alexander, P Alvarez, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 07/14/2015) |
| 07/14/2015 | | ORDER granting 58 Motion for Extension of Time to File Response/Reply. The parties shall serve their replies and file the fully-briefed motions on July 27, 2015. The court is unlikely to grant further extensions absent extraordinary circumstances. Furthermore, the parties are reminded that, in accordance with the undersigned's chambers practices, any request for an extension of time must be filed at least two business days before the |

| | | |
|---|---|---|
| | | relevant deadline. Ordered by Judge Kiyo A. Matsumoto on 7/14/2015. (Alagesan, Deepa) (Entered: 07/14/2015) |
| 07/27/2015 | 59 | Fully Briefed MOTION for Partial Summary Judgment by Jesus Santiago. Responses due by 7/27/2015 (Attachments: # 1 Notice of Motion Plaintiff's Notice of Motion for Partial Summary Judgment, # 2 Rule 56.1 Statement Plaintiff's Statement of Material Facts, # 3 Memorandum in Support Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment, # 4 Exhibit Exhibit A to Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment, # 5 Exhibit Exhibit B to Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment, # 6 Exhibit Exhibit C to Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment, # 7 Certificate of Service Certificate of Service for Plaintiff's Motion for Partial Summary Judgment, # 8 Rule 56.1 Statement Defendant's Counter-Statement of Material Facts, # 9 Memorandum in Opposition Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment, # 10 Memorandum in Support Plaintiff's Response Memorandum of Law in Support of Motion for Partial Summary Judgment, # 11 Certificate of Service Certificate of Service for Plaintiff's Response Memorandum) (Greenberg, Robert) (Entered: 07/27/2015) |
| 07/27/2015 | 60 | MOTION for Summary Judgment by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 07/27/2015) |
| 07/27/2015 | 61 | MEMORANDUM in Support *Defendants'of Summary Judgment Motion* filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 07/27/2015) |
| 07/27/2015 | 62 | AFFIDAVIT/DECLARATION in Support re 60 MOTION for Summary Judgment filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Attachments: # 1 Exhibit) (Keane, Michael) (Entered: 07/27/2015) |
| 07/27/2015 | 63 | AFFIDAVIT/DECLARATION in Support re 60 MOTION for Summary Judgment filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G-1, # 8 Exhibit G-2, # 9 Exhibit G-3, # 10 Exhibit G-4, # 11 Exhibit H) (Keane, Michael) (Entered: 07/27/2015) |
| 07/27/2015 | 64 | RULE 56.1 STATEMENT filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 07/27/2015) |
| 07/27/2015 | 65 | MEMORANDUM in Opposition re 59 Fully Briefed MOTION for Partial Summary Judgment filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl |

| | | Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 07/27/2015) |
|---|---|---|
| 07/27/2015 | 66 | RULE 56.1 STATEMENT re 59 Fully Briefed MOTION for Partial Summary Judgment filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 07/27/2015) |
| 07/27/2015 | 67 | REPLY in Support re 60 MOTION for Summary Judgment filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 07/27/2015) |
| 01/25/2016 | | ORDER. Plaintiff is ordered to file a letter no later than January 27, 2016 indicating whether plaintiff is a class member in any pending class actions, in particular 11-cv-3200 (S.D.N.Y.), and if not, whether he has opted out of the class. Ordered by Judge Kiyo A. Matsumoto on 1/25/2016. (Gong, LiJia) (Entered: 01/25/2016) |
| 01/25/2016 | 68 | Letter *to Court in Response to Order of January 25, 2016* by Jesus Santiago (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit) (Greenberg, Robert) (Entered: 01/25/2016) |
| 01/25/2016 | | SCHEDULING ORDER: The parties are ordered to appear for a telephonic status conference on January 26, 2016 at 3:00 p.m. Counsel for defendants shall arrange the call and call into chambers when all parties are on the line (718-613-2180). Ordered by Judge Kiyo A. Matsumoto on 1/25/2016. (Gong, LiJia) (Entered: 01/25/2016) |
| 01/26/2016 | | SCHEDULING ORDER: On request by both parties by telephone, a telephone conference to discuss settlement is set for 3/10/2016 at 10:30 AM before Magistrate Judge Marilyn D. Go. Ordered by Magistrate Judge Marilyn D. Go on 1/26/2016. (Hugh, Lewis) (Entered: 01/26/2016) |
| 01/26/2016 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto:Status Conference held on 1/26/2016. Appearances: Robert Greenberg for plaintiff; Michael Keane for defendants. The court discussed with the parties the status of the pending cross motions for summary judgment and whether plaintiff is a member of the class action in 11-cv-3200 (S.D.N.Y.). The parties are ordered to file a joint status letter by February 10, 2016 providing (1) the status of settlement discussions; (2) whether any additional discovery is required; and (3) whether the parties intend to withdraw their cross motions and whether a stay pending the Second Circuit's decision in Betances v. Fischer is appropriate. (Gong, LiJia) (Entered: 01/26/2016) |
| 02/10/2016 | 69 | STATUS REPORT *of Parties filed jointly* by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy (Keane, Michael) (Entered: 02/10/2016) |
| 02/12/2016 | | ORDER In light of the parties representation that settlement discussions are ongoing and the pending appeal in Betances v. Fischer, 15-cv-2836 (S.D.N.Y.) will likely have direct bearing on the disposition of the claims in the instant suit, the court stays proceedings at this time and thereby terminates the parties motions for summary judgment without prejudice to renew. *See, e.g., In re Literary Works in Elec. Databases Copyright Litig.*, No. 00 CIV 6049, 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001) (holding that a court may properly exercise its power to stay proceedings when a higher court is close to |

| | | |
|---|---|---|
| | | settling an important issue of law bearing on the action) (*citing Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977)); *Schapp v. MasTec Services Co., Inc.*, 2013 WL 1296404, *6 (N.D.N.Y. Mar. 28, 2013) (staying proceedings sua sponte where two pending appeals could render any decision obsolete); *Jackson v. Van Kampen Series Fund, Inc.*, 2007 WL 1532090, *2 (S.D. Ill. May 24, 2007) (staying proceedings sua sponte pending the decisions of the Court of Appeals in related cases which would have a significant effect on the ultimate disposition of the instant matter). The parties are ordered to file a joint status letter no later than two weeks after the Second Circuit issues its decision in the Betances appeal. Ordered by Judge Kiyo A. Matsumoto on 2/12/2016. (Gong, LiJia) (Entered: 02/12/2016) |
| 03/10/2016 | | Minute Entry for Settlement Conference held on 3/10/2016 before Magistrate Judge Marilyn D. Go: Appearances by R. Greenberg for plaintiff; M. Keane for defendants. The parties will not be engaging in settlement discussions until after the oral argument in Betances. The parties must file a status report by 4/28/16 regarding progress in settlement and are encouraged to call the Court before this date to schedule a telephone settlement conference. (Hugh, Lewis) (Entered: 03/14/2016) |
| 03/31/2016 | | Case Reassigned to Magistrate Judge Steven L Tiscione. Magistrate Judge Marilyn D. Go no longer assigned to the case.Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Mahoney, Brenna) (Entered: 03/31/2016) |
| 04/28/2016 | 70 | STATUS REPORT *of Parties filed jointly* by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy (Keane, Michael) (Entered: 04/28/2016) |
| 05/02/2016 | | STATUS REPORT ORDER re 70 Status Report, filed by Fleischman, P Alvarez, William McCartney, McKinney, Kevin G Ludlow, Andrea W. Evans, J Mason, Darryl Stevenson, Lisa Elovich, Brian Fischer, Sally A. Thompson, Anthony J. Annucci, Terrence X. Tracy, Council, Paredes, Arroyo, Cynthia Johnson, George B. Alexander, Robert J. Dennison: Counsel shall electronically file an updated status report by 6/30/2016. So Ordered by Magistrate Judge Steven L. Tiscione on 5/2/2016. (Vasquez, Lea) (Entered: 05/02/2016) |
| 06/29/2016 | 71 | STATUS REPORT *of Parties filed jointly* by George B. Alexander, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy (Keane, Michael) (Entered: 06/29/2016) |
| 07/01/2016 | | ORDER: Parties shall continue to confer and submit a joint status to this court by September 30, 2016. Should the *Betances* appeal be decided before that date, the parties shall inform the Court of that event. Ordered by Judge Kiyo A. Matsumoto on 7/1/2016. (Fletcher, Camille) (Entered: 07/01/2016) |
| 10/05/2016 | 72 | Letter MOTION for pre motion conference *to Lift Stay of the Action and for Summary Judgment in light of Betances Decision* by Jesus Santiago. (Attachments: # 1 Appendix Appendix 2d Cir Decision in Betances, # 2 Appendix Betances Docket Report) (Greenberg, Robert) (Entered: 10/05/2016) |
| 10/05/2016 | 73 | Letter *Re: Status and Requesting Confernece* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 10/05/2016) |

| | | |
|---|---|---|
| 10/07/2016 | | ORDER granting 72 Motion for Pre Motion Conference. The pre-motion conference is scheduled for October 18 at 2 p.m. Plaintiff shall initiate the call and dial into 718-613-2180 when all parties are on the line. Ordered by Judge Kiyo A. Matsumoto on 10/7/2016. (Fletcher, Camille) (Entered: 10/07/2016) |
| 10/18/2016 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto: Pre Motion Conference held on 10/18/2016. Appearances for plaintiff, Robert Greenberg; for defendants, Michael Keane. Discussions held about the motions for summary judgment. The parties may file summary judgment motions that include arguments made in the summary judgment motions filed in July 2015 as well as new facts elicited from the limited discovery requested by defendants and arguments addressing recently decided case law. The parties shall adhere to the following schedule: Plaintiff's deposition shall be completed by November 10, 2016; opening summary jugment briefs shall be served but not filed by December 9, 2016; opposition briefs shall be served but not filed by January 10, 2017; reply briefs shall be served by January 17, 2017. In accordance with chambers' practices, motion papers shall not be filed via ECF until all briefing is complete and parties shall deliver two courtesy copies of the motion papers to chambers. (Fletcher, Camille) (Entered: 10/18/2016) |
| 12/07/2016 | 74 | MOTION for Extension of Time to File Response/Reply by George B. Alexander, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 12/07/2016) |
| 12/08/2016 | | ORDER granting 74 Motion for Extension of Time to File Response/Reply. Parties shall adhere to the following briefing schedule: moving papers are due by December 16, 2016; opposition papers are due by January 17, 2017; reply papers are due by January 24, 2017. Ordered by Judge Kiyo A. Matsumoto on 12/8/2016. (Fletcher, Camille) (Entered: 12/08/2016) |
| 12/14/2016 | 75 | Second MOTION for Extension of Time to File *Motion for Summary Judgment* by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 12/14/2016) |
| 12/15/2016 | | ORDER granting 75 Motion for Extension of Time to File. The parties' request for an extension to file summary judgment motions is granted. Moving papers are now due by December 23, 2016; Opposition papers are now due by January 24, 2017 and reply papers are due by January 31, 2017. Parties are reminded to only file the papers via ECF once the briefing is complete and to serve two courtesy copies of the papers on Chambers. Ordered by Judge Kiyo A. Matsumoto on 12/15/2016. (Fletcher, Camille) (Entered: 12/15/2016) |
| 01/27/2017 | 76 | MOTION for Extension of Time to File Response/Reply by Terrence X. Tracy. (Keane, Michael) (Entered: 01/27/2017) |
| 01/27/2017 | 77 | REPLY in Support re 76 MOTION for Extension of Time to File Response/Reply filed by Jesus Santiago. (Greenberg, Robert) (Entered: 01/27/2017) |
| 01/30/2017 | | ORDER granting 76 Motion for Extension of Time to File Response/Reply. Parties shall serve their replies and file all other motion papers via ECF by February 7, 2017. Ordered by Judge Kiyo A. Matsumoto on 1/30/2017. (Fletcher, Camille) (Entered: 01/30/2017) |
| 02/07/2017 | 78 | Fully Briefed MOTION for Summary Judgment by Jesus Santiago. Responses due by 2/7/2017 (Attachments: # 1 Rule 56.1 Statement, # 2 Memorandum in Support, # 3 |

| | | |
|---|---|---|
| | | Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Certificate of Service, # 7 Memorandum in Opposition, # 8 Certificate of Service, # 9 Memorandum in Support, # 10 Certificate of Service) (Greenberg, Robert) (Entered: 02/07/2017) |
| 02/07/2017 | 79 | MOTION for Summary Judgment by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 02/07/2017) |
| 02/07/2017 | 80 | MEMORANDUM in Support re 79 MOTION for Summary Judgment filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 02/07/2017) |
| 02/07/2017 | 81 | AFFIDAVIT/DECLARATION in Support re 79 MOTION for Summary Judgment *od Steven H. Philbrick* filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F) (Keane, Michael) (Entered: 02/07/2017) |
| 02/07/2017 | 82 | AFFIDAVIT/DECLARATION in Support re 79 MOTION for Summary Judgment filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H- part 1, # 9 Exhibit H- part 2, # 10 Exhibit H- part 3, # 11 Exhibit H- part 4, # 12 Exhibit G) (Keane, Michael) (Entered: 02/07/2017) |
| 02/07/2017 | 83 | RULE 56.1 STATEMENT re 79 MOTION for Summary Judgment *of DEFENDANTS* filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 02/07/2017) |
| 02/07/2017 | 84 | MEMORANDUM in Opposition re 78 Fully Briefed MOTION for Summary Judgment *(Defendants' Opposition to Plaitniff's Motion)* filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 02/07/2017) |
| 02/07/2017 | 85 | RULE 56.1 STATEMENT *Defendants' Counterstatement of Facts to Plaintiff's Motion for Summary Judgment* filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 02/07/2017) |
| 02/07/2017 | 86 | REPLY in Support re 79 MOTION for Summary Judgment filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J |

| | | |
|---|---|---|
| | | Mason, William McCartney, McKinney, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 02/07/2017) |
| 08/09/2017 | | ORDER. Defendants' 83 Rule 56.1 statement references records from 2005 in plaintiff's "Parolee Chrono Report," docketed as ECF No. [81-3], Exhibit C to the Declaration of Stephen H. Philbrick. The version of the "Parolee Chrono Report" filed as ECF No. [81-3] does not include records from 2005. By close of business on **August 10, 2017**, defendants shall file a corrected version of this document on the docket. Ordered by Judge Kiyo A. Matsumoto on 8/9/2017. (Tata, Vivek) (Entered: 08/09/2017) |
| 08/10/2017 | 87 | MOTION for Extension of Time to File *corrected 56.1 statement* by George B. Alexander, Anthony J. Annucci, Robert J. Dennison, Anthony G. Ellis, II, Andrea W. Evans, Brian Fischer, Glenn S Goord, Lucien J. Leclaire, Jr, Kevin G Ludlow, Sally A. Thompson. (Hathaway, Barbara) (Entered: 08/10/2017) |
| 08/10/2017 | | ORDER granting 87 Motion for Extension of Time to File. By close of business on **August 14, 2017**, defendants shall file a corrected version of the "Parolee Chrono Report" filed as ECF No. 81 -3, including all records referenced in defendants' 83 Rule 56.1 statement.. Ordered by Judge Kiyo A. Matsumoto on 8/10/2017. (Tata, Vivek) (Entered: 08/10/2017) |
| 08/14/2017 | 88 | RULE 56.1 STATEMENT re 79 MOTION for Summary Judgment *as Amended August 14, 2017* filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Anthony G. Ellis, II, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Glenn S Goord, Cynthia Johnson, Lucien J. Leclaire, Jr, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 08/14/2017) |
| 08/14/2017 | 89 | Letter *re Amended 56.1 Statement of August 14, 2017* by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Anthony G. Ellis, II, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Glenn S Goord, Cynthia Johnson, Lucien J. Leclaire, Jr, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy (Keane, Michael) (Entered: 08/14/2017) |
| 08/14/2017 | 90 | AFFIDAVIT/DECLARATION in Support re 79 MOTION for Summary Judgment filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Anthony G. Ellis, II, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Glenn S Goord, Cynthia Johnson, Lucien J. Leclaire, Jr, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 08/14/2017) |
| 08/14/2017 | 91 | RULE 56.1 STATEMENT re 79 MOTION for Summary Judgment *as Amended August 14, 2017 with new paragraph 11(a)* filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Andrew M. Cuomo, Robert J. Dennison, Anthony G. Ellis, II, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Glenn S Goord, Cynthia Johnson, Lucien J. Leclaire, Jr, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 08/14/2017) |
| 09/30/2017 | 92 | ORDER. For the reasons stated in the attached Memorandum and Order, the court grants in part and denies in part plaintiff's 78 Motion for Summary Judgment and grants in part and denies in part defendants' 79 cross-motion. The court dismisses all defendants except Anthony J. Annucci, Brian Fischer, and Terrence X. Tracy, and dismisses plaintiff's state law claims for lack of jurisdiction. The court grants plaintiff's motion for summary judgment on the liability of defendants Annucci, Fischer, and Tracy for the period June 12, 2007 to February 6, 2008. |

| | | |
|---|---|---|
| | | By October 11, 2017, the parties shall contact Magistrate Judge Steven Tiscione to schedule a settlement conference. Should the parties fail to reach a settlement by November 10, 2017, they shall file a status letter to that effect, directed to both Magistrate Judge Tiscione and the undersigned judge, and include a proposed schedule for the remainder of discovery. Ordered by Judge Kiyo A. Matsumoto on 9/30/2017. (Tata, Vivek) (Entered: 09/30/2017) |
| 11/03/2017 | 93 | Letter dated 10/31/2017 to Judge Garaufis and Judge Reyes and Judge Matsumoto from Jesus Santiago, Pro Se requesting a restart on his case. (Attachments: # 1 Exhibit, # 2 Envelope) (Tavarez, Jennifer) (Entered: 11/07/2017) |
| 11/10/2017 | 94 | STATUS REPORT *Jointly Filed by ALL PARTIES* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 11/10/2017) |
| 11/11/2017 | | SCHEDULING ORDER re 94 Status Report filed by Anthony J. Annucci, Terrence X. Tracy, Brian Fischer. An in-person settlement conference will be held at 12:00 p.m. on December 1, 2017 before the undersigned in Hearing Room N504 in the North Wing. All counsel must attend. Counsel shall submit their respective settlement positions via ex parte electronic filing through the Court's ECF system, no later than November 29th, as well as refer to this Court's Individual Rules in further preparation for the conference. So Ordered by Magistrate Judge Steven Tiscione on 11/11/2017. (Vasquez, Lea) (Entered: 11/11/2017) |
| 11/29/2017 | 95 | MOTION to Seal by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/29/2017) |
| 11/30/2017 | | Motions terminated, docketed incorrectly: 95 MOTION to Seal filed by Anthony J. Annucci, Terrence X. Tracy, Brian Fischer. (Vasquez, Lea) (Entered: 11/30/2017) |
| 11/30/2017 | 98 | Motion to Appear by Telephone *on behalf of principal from DOCCS* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/30/2017) |
| 11/30/2017 | | ORDER granting 98 Motion to Appear by Telephone. A principal form DOCCS is permitted to appear for the December 1st conference by phone. Counsel shall bring the Principal's contact information to court. So Ordered by Magistrate Judge Steven Tiscione on 11/30/2017. (Vasquez, Lea) (Entered: 11/30/2017) |
| 11/30/2017 | | ORDER: In accordance with the Court's individual practices, the parties were required to submit ex parte settlement position statements by November 29, 2017. To date, Plaintiff has not filed his settlement position statement. Plaintiff is directed to file the ex parte settlement position statement in advance of tomorrow's scheduled settlement conference. So Ordered by Magistrate Judge Steven Tiscione on 11/30/2017. (Swartz, Rochelle) (Entered: 11/30/2017) |
| 12/05/2017 | 100 | Minute Entry for Settlement Conference held on 12/1/2017 before Magistrate Judge Steven Tiscione: Greenberg for Plaintiff; Keane for Defendants. Settlement discussions were held but the parties were unable to reach a disposition at this time. The Court will hold a further settlement conference on January 19, 2018 at 12:00 p.m. All discovery on damages is to be completed by February 28, 2018. (FTR Log #12:08 - 12:09; 2;14 - 2:20.) (Vasquez, Lea) (Entered: 12/05/2017) |
| 01/18/2018 | 101 | STATUS REPORT *re Second Circuit decision* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Attachments: # 1 Exhibit) (Keane, Michael) (Entered: 01/18/2018) |
| 01/19/2018 | 102 | Minute Entry for Settlement Conference held on 1/19/2018 before Magistrate Judge Steven Tiscione: Greenberg for Plaintiff; Keene for Defendants. Settlement discussions were held but the parties were unable to reach a disposition at this time. For the reasons |

Case 23-8154, Document 20, 05/26/2023, Page25 of 86

| | | |
|---|---|---|
| | | discussed on the record, the deadline for completion of discovery is extended to April 16, 2018. The deadline for beginning dispositive motion practice is extended to May 14, 2018. (FTR Log #12:03 - 1:15.) (Vasquez, Lea) (Entered: 01/19/2018) |
| 04/16/2018 | 103 | Letter MOTION for Extension of Time to Complete Discovery *upon Consent of All Parties* by Jesus Santiago. (Greenberg, Robert) (Entered: 04/16/2018) |
| 04/16/2018 | | ORDER granting 103 Motion for Extension of Time to Complete Discovery. The deadline for completion of discovery is extended to June 1, 2018. The deadline for beginning dispositive motion practice is extended to July 2, 2018. So Ordered by Magistrate Judge Steven Tiscione on 4/16/2018. (Vasquez, Lea) (Entered: 04/16/2018) |
| 07/02/2018 | 104 | Letter *to schedule motion* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 07/02/2018) |
| 07/03/2018 | | ORDER. Defendants' request for a pre-motion conference is granted. The parties shall participate in a telephonic pre-motion conference with the court on July 25, 2018 at 4:00 PM. Counsel for defendants shall coordinate a call among the parties and dial into chambers (718-613-2180) when all parties are on the line. Plaintiff may file a letter with the court responding to defendants' letter requesting a pre-motion conference on or before July 20, 2018. Ordered by Judge Kiyo A. Matsumoto on 7/3/2018. (Abugo, Uzezi) (Entered: 07/03/2018) |
| 07/26/2018 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto: Pre Motion Conference held on 7/26/2018. Appearances: Robert Greenberg, Esq., for plaintiff; Michael Keane, Esq. for defendant. Discussions were held regarding defendant's proposed motion regarding damages. The court ORDERED: the parties shall meet and confer regarding the case's current status, and, if defendant intends to pursue its motion, propose a briefing schedule for the motion by August 1, 2018. A status conference is set for the parties before Judge Matsumoto on November 2, 2018 at noon in courtroom 6C South, 225 Cadman Plaza East, Brooklyn, New York 11201. (Court Reporter Linda Danelczyk.) (Abugo, Uzezi) (Entered: 07/26/2018) |
| 08/01/2018 | 105 | Proposed Scheduling Order *for briefing damages* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 08/01/2018) |
| 08/10/2018 | | ORDER granting the parties' proposed briefing schedule. Defendants shall serve their motion addressing damages on plaintiff by August 31, 2018; plaintiff shall serve his opposition on defendants by October 1, 2018; and defendants shall serve their reply, if any on plaintiff by October 15, 2018. On October 15, 2018, the parties shall file their motions, in logical order, via ECF, and provide the court with two courtesy hard copies. Ordered by Judge Kiyo A. Matsumoto on 8/10/2018. (Abugo, Uzezi) (Entered: 08/10/2018) |
| 08/31/2018 | 106 | ANSWER to 12 Amended Complaint, by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 08/31/2018) |
| 09/25/2018 | 107 | NOTICE of Change of Mailing Address by Robert Laurence Greenberg (Greenberg, Robert) (Entered: 09/25/2018) |
| 09/26/2018 | 108 | Letter MOTION to Strike 106 Answer to Amended Complaint by Jesus Santiago. (Attachments: # 1 Decision of NY Court of Claims) (Greenberg, Robert) (Entered: 09/26/2018) |
| 10/01/2018 | 109 | RESPONSE to Motion re 108 Letter MOTION to Strike 106 Answer to Amended Complaint filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/01/2018) |

| | | |
|---|---|---|
| 10/15/2018 | 110 | MEMORANDUM in Opposition *to Defendants' Motion for Summary Judgment and/or Dismissal* filed by All Plaintiffs. (Attachments: # 1 Exhibit Decision of Court of Claims, # 2 Rule 56.1 Statement, # 3 Certificate of Service) (Greenberg, Robert) (Entered: 10/15/2018) |
| 10/15/2018 | 111 | MOTION for Summary Judgment *and/or to dismiss* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/15/2018) |
| 10/15/2018 | 112 | RULE 56.1 STATEMENT re 111 MOTION for Summary Judgment *and/or to dismiss* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/15/2018) |
| 10/15/2018 | 113 | AFFIDAVIT/DECLARATION in Support re 111 MOTION for Summary Judgment *and/or to dismiss* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Keane, Michael) (Entered: 10/15/2018) |
| 10/15/2018 | 114 | MEMORANDUM in Support re 111 MOTION for Summary Judgment *and/or to dismiss* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/15/2018) |
| 10/15/2018 | 115 | REPLY in Support , RULE 56.1 STATEMENT filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/15/2018) |
| 10/15/2018 | 116 | AFFIDAVIT/DECLARATION in Support re 111 MOTION for Summary Judgment *and/or to dismiss Reply Delcaration with Exhibit A* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Attachments: # 1 Exhibit A) (Keane, Michael) (Entered: 10/15/2018) |
| 10/15/2018 | 117 | REPLY in Support *of motion for summary judgment and/or to dismiss* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/15/2018) |
| 11/02/2018 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto: Status Conference held on 11/2/2018: Appearances: Robert Greenberg, Esq., for plaintiff; Michael Keane, Esq. for defendant. Discussions were held regarding plaintiff's Motion to Strike. The court ORDERED: Defendant shall file a letter with the court indicating whether it will withdraw and/or waive its asserted statute of limitation defense by close of business on Wednesday, November 7, 2018. (Court Reporter Annette Montalvo.) (Abugo, Uzezi) (Entered: 11/02/2018) |
| 11/07/2018 | 118 | STATUS REPORT *re issues remaining* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 11/07/2018) |
| 11/09/2018 | | ORDER. Pursuant to the court's November 2, 2018 request for a status report, the parties informed the court by defendants' 118 letter filed November 7, 2018, that defendants withdraw their statute of limitations defense and that plaintiff withdraws his [108 ] Motion to Strike Defendants' Answer. The court ORDERS: Plaintiff's 108 Motion to Strike is terminated. Litigation shall proceed with addressing issues of damages, as briefed in defendants' summary judgment motion 111 , which was fully submitted on October 15, 2018. As defendants' moving papers in the motion for summary judgment include defendants' withdrawn arguments regarding the statute of limitations defense, defendants are requested to amend their moving papers to remove arguments related to their withdrawn statute of limitations defense to make clear which arguments remain and refile by close of business November 14, 2018. Plaintiff shall amend his opposition to remove arguments related to the withdrawn statute of limitations defense and refile by close of business November 19, 2018. Defendants shall amend their reply to remove arguments related to the withdrawn statute of limitations defense and refile by close of |

| | | |
|---|---|---|
| | | business November 21, 2018. Ordered by Judge Kiyo A. Matsumoto on 11/9/2018. (Abugo, Uzezi) (Entered: 11/09/2018) |
| 11/09/2018 | | ORDER terminating 108 Motion to Strike. Pursuant to the order entered by the court November 9, 2018, plaintiff's Motion to Strike is terminated. Ordered by Judge Kiyo A. Matsumoto on 11/9/2018. (Abugo, Uzezi) (Entered: 11/09/2018) |
| 11/14/2018 | 119 | MOTION for Summary Judgment *as to nominal damages* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/14/2018) |
| 11/14/2018 | 120 | RULE 56.1 STATEMENT re 119 MOTION for Summary Judgment *as to nominal damages* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/14/2018) |
| 11/14/2018 | 121 | AFFIDAVIT/DECLARATION in Support re 119 MOTION for Summary Judgment *as to nominal damages* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Keane, Michael) (Entered: 11/14/2018) |
| 11/14/2018 | 122 | MEMORANDUM in Support re 119 MOTION for Summary Judgment *as to nominal damages* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/14/2018) |
| 11/19/2018 | 123 | MEMORANDUM in Opposition re 119 MOTION for Summary Judgment *as to nominal damages*, 121 Affidavit in Support of Motion, 122 Memorandum in Support, 120 Rule 56.1 Statement filed by All Plaintiffs. (Attachments: # 1 Rule 56.1 Statement, # 2 Certificate of Service) (Greenberg, Robert) (Entered: 11/19/2018) |
| 11/21/2018 | 124 | RULE 56.1 STATEMENT *Counter-statement to Plaintiff's 56.1 Statement* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/21/2018) |
| 11/21/2018 | 125 | REPLY in Support *of summary judgment as to nominal damages* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/21/2018) |
| 02/26/2019 | 126 | Letter *to Court re: Betances v. Fischer* by Jesus Santiago (Attachments: # 1 Recent Decision in Betances v. Fischer (SDNY)) (Greenberg, Robert) (Entered: 02/26/2019) |
| 02/27/2019 | 127 | Letter *re recent decisions* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 02/27/2019) |
| 09/23/2019 | 128 | MEMORANDUM AND ORDER, Defendants have not established that no disputedissues of fact exist as to whether Plaintiff is, as a matter of law, entitled to only nominal damages. As neither party moved for summary judgment on the question of the amount of compensatory and punitive damages - which Plaintiff raised only as an alternative basis to defeat Defendants' motion for summary judgment - the Court need not consider in this Memorandum and Order whether Plaintiff may establish that he is entitled to punitive damages on the basis of Defendants' misconduct. In light of the foregoing. Defendants' motion for summary judgment is denied. The parties shall meet and confer and submit a joint status letter via ECF to the Court by 10/3/19, setting forth how they wish to proceed in this action. (Denying 119 Motion for Summary Judgment) (Ordered by District Judge Kiyo A. Matsumoto on 9/23/2019) c/m (Galeano, Sonia) (Entered: 09/23/2019) |
| 09/24/2019 | | ORDER terminating 111 Motion for Summary Judgment. In light of the Court's November 9, 2018 Order directing the parties to refile their motion papers and 128 the Court's September 23, 2019 Memorandum and Order ruling on the refiled motion papers, the Court hereby terminates 111 Defendants' initial motion for summary judgment as |

| | | |
|---|---|---|
| | | moot. Ordered by Judge Kiyo A. Matsumoto on 9/24/2019. (Ammari, Kamil) (Entered: 09/24/2019) |
| 10/03/2019 | 129 | MOTION for Extension of Time to File *Joint Status Report* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/03/2019) |
| 10/04/2019 | | ORDER granting 129 Letter Motion for Extension of Time to File Joint Status Report. The parties shall file a joint status report by October 10, 2019. Ordered by Judge Kiyo A. Matsumoto on 10/4/2019. (Ammari, Kamil) (Entered: 10/04/2019) |
| 10/10/2019 | 130 | STATUS REPORT *Joint Status Report* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 10/10/2019) |
| 10/15/2019 | | ORDER granting 130 the parties' joint request for a conference to address outstanding issues and schedule pre-trial submissions and a trial. The court will hold a telephonic conference on Monday, November 11, 2019, at 10:00 a.m. The parties shall coordinate a call among themselves and dial into chambers (718-613-2180) when all parties are on the line. Ordered by Judge Kiyo A. Matsumoto on 10/15/2019. (Ammari, Kamil) (Entered: 10/15/2019) |
| 11/01/2019 | | SCHEDULING ORDER: The telephonic conference currently scheduled for Monday, November 11, 2019 at 10:00 a.m. is hereby adjourned to Tuesday, November 12, 2019 at 10:00 a.m. Ordered by Judge Kiyo A. Matsumoto on 11/1/2019. (Ammari, Kamil) (Entered: 11/01/2019) |
| 11/12/2019 | | MINUTE ENTRY & ORDER for Telephonic Conference held before Judge Kiyo A. Matsumoto on November 12, 2019. Appearances for Plaintiff: Robert Laurence Greenberg, Esq.; Jesus Santiago. Appearance for Defendants: Michael J. Keane, Esq.<br><br>The parties represented to the Court that they have discussed a potential settlement of this action but remain far apart. The Court thus discussed scheduling trial in this action, informing the parties that it is inclined to scheduled trial for either December 23, 2019 or February 18, 2020. If the parties elect to proceed to trial, the Court encouraged them to consent to proceed before Magistrate Judge Steven Tiscione due to the congestion of the Court's trial calendar, and because Judge Tiscione may have more flexibility with respect to available trial dates. In light of the foregoing, the Court ordered that by 12:00 p.m. on Friday, November 15, 2019, the parties inform the Court as to (1) whether they will be settling this action or (2) whether they wish to proceed to trial, and if so, whether they will consent to a jury trial before Judge Tiscione. (The Court notes that in *Earley v. Annucci*, No. 08-CV-669(DJS) (N.D.N.Y.), the parties consented to trial of that matter on the issue of damages before the magistrate judge.)<br><br>The Court also addressed two other matters raised by the parties. *First*, the Court denied Defendants' request to stay this action until the Second Circuit resolves the appeal presently pending before it in *Earley v. Annucci*, No. 18-3739. *Second*, the Court granted Plaintiff's request that the March 10, 2015 and March 19, 2015 protective orders entered by Magistrate Judge Marilyn Go be lifted to the extent necessary to allow Plaintiff to see the documents and assist with trial preparation. Plaintiff should be mindful of the obligations imposed by the protective order, particularly with respect to the disclosure of information that does not pertain exclusively to him. (Court Reporter Holly Driscoll.) (Ammari, Kamil) (Entered: 11/12/2019) |
| 11/26/2019 | | Set Deadlines/Hearing as to 131 Letter MOTION to Withdraw as Attorney MOTION for Protective Order Letter MOTION for Leave to Electronically File Document Ex Parte MOTION for Leave to Electronically File Document under Seal MOTION for Attorney Fees *Lien* : An in-person hearing on Plaintiff's motion to withdraw as counsel will be held at 11:30 a.m. on December 18, 2019 before the undersigned in Hearing Room N504 in |

| | | |
|---|---|---|
| | | the North Wing. The Plaintiff client must attend along with counsel for all parties. Counsel for Plaintiff is directed to immediately forward a copy of this Order to the Plaintiff at his last known address, via certified mail and file proof of delivery with the Court. So Ordered by Magistrate Judge Steven Tiscione on 11/26/2019. (Vasquez, Lea) (Entered: 11/26/2019) |
| 11/27/2019 | 133 | CERTIFICATE OF SERVICE by Jesus Santiago re 132 Letter MOTION for Leave to Electronically File Document Ex Parte MOTION for Leave to Electronically File Document under Seal MOTION to Withdraw as Attorney MOTION to Seal *all Papers Relating to this Motion* MOTION to Stay *this Matter for Sixty Days* MOTION for Protective Order MOTION for Attorney Fees , Set Motion and R&R Deadlines/Hearings,,, 131 Letter MOTION to Withdraw as Attorney MOTION for Protective Order Letter MOTION for Leave to Electronically File Document Ex Parte MOTION for Leave to Electronically File Document under Seal MOTION for Attorney Fees *Lien* (Attachments: # 1 Appendix Order Sent to Plaintiff, # 2 Appendix USPS Receipt for Certified Mail, Return Receipt Requested) (Greenberg, Robert) (Entered: 11/27/2019) |
| 01/03/2020 | 134 | Minute Order for Motion Hearing held on 12/18/2019 before Magistrate Judge Steven Tiscione: Greenberg with Santiago for Plaintiff; Keene for Defendants. For the reasons discussed on the record, counsel's Motion to Withdraw 131 is granted. Mr. Greenberg is terminated as attorney of record. The Court will provide Mr. Santiago 60 days to retain a new attorney. The Court will hold a status conference on February 20, 2020 at 12:00 p.m. If Plaintiff has not retained new counsel by that date, he must appear at the conference in person. (FTR Log #11:50 - 12:09.) (Vasquez, Lea) (Entered: 01/03/2020) |
| 01/22/2020 | 135 | TRANSCRIPT of Proceedings held on December 18, 2019, before Judge Tiscione. Court Transcriber: Typewrite Word Processing Service, Telephone number 518-581-8973. Email address: transcripts@typewp.com. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 2/12/2020. Redacted Transcript Deadline set for 2/24/2020. Release of Transcript Restriction set for 4/21/2020. (Rocco, Christine) (Entered: 01/22/2020) |
| 02/25/2020 | 136 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on November 2, 2018, before Judge Kiyo A. Matsumoto. Court Reporter/Transcriber Annette M. Montalvo, Telephone number 718-804-2711. Email address: annette.montalvo@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 3/17/2020. Redacted Transcript Deadline set for 3/27/2020. Release of Transcript Restriction set for 5/25/2020. (Montalvo, Annette) (Entered: 02/25/2020) |
| 02/26/2020 | 137 | Minute Entry for Status Conference held on 2/20/2020 before Magistrate Judge Steven Tiscione: Santiago, pro se; Keene for Defendants. Parties are in the process of exchanging additional information. Mr. Santiago is in the process of trying to obtain a new attorney. Parties are also awaiting the Second Circuit's decision in a related case that may impact the outcome here. Accordingly, the parties will continue to finish up discovery and the Court will hold a further status conference on July 8, 2020 at 11:00 a.m. Mr. Santiago's new address is: 1407 Lantry Court, Orlando, Florida 32804 and his contact number is 703-649-1027. The docket shall be amended to include this new contact information for Plaintiff Santiago. (FTR Log #12:14 - 12:27.) (Vasquez, Lea) (Entered: 02/26/2020) |

| | | |
|---|---|---|
| 03/30/2020 | 139 | Consent MOTION for Extension of Time to Complete Discovery *and/or hold conference by telephone* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 03/30/2020) |
| 03/31/2020 | | SCHEDULING ORDER re 139 Consent MOTION for Extension of Time to Complete Discovery *and/or hold conference by telephone* filed by Anthony J. Annucci, Terrence X. Tracy, Brian Fischer. A telephone conference will be held before the undersigned at 2:00 p.m. on April 3, 2020 with all parties. Counsel for Defendants is directed to contact chambers PRIOR TO APRIL 3RD to obtain the conference call-in information and distribute same to the plaintiff who is proceeding pro se. So Ordered by Magistrate Judge Steven Tiscione on 3/31/2020. (Vasquez, Lea) (Entered: 03/31/2020) |
| 04/02/2020 | | Due to a conflict in the Court's calendar, the telephone conference scheduled for 2:00 p.m. on April 3rd will instead be held at 3:00 p.m. on the same date. So Ordered by Magistrate Judge Steven Tiscione on 4/2/2020. (Vasquez, Lea) (Entered: 04/02/2020) |
| 04/08/2020 | 140 | Minute Order for Telephone Conference held on 4/3/2020 before Magistrate Judge Steven Tiscione: Santiago, pro se Plaintiff; Keane for Defendants. Parties are attempting to obtain records from numerous prison facilities and the process has been delayed by the ongoing health crisis. Accordingly, the consent MOTION for Extension of Time to Complete Discovery 139 is granted. The Court will hold a telephone conference on July 8, 2020 at 11:00 a.m. (Vasquez, Lea) (Entered: 04/08/2020) |
| 07/07/2020 | | Due to a conflict in the Court's calendar, the telephone conference scheduled for 11:00 a.m. on July 8th will instead begin at 11:30 a.m. on the same date. If counsel have not yet obtained the conference call-in information, they are to contact the Court by close of business today to obtain same. So Ordered by Magistrate Judge Steven Tiscione on 7/7/2020. (Vasquez, Lea) (Entered: 07/07/2020) |
| 07/09/2020 | 141 | Minute Entry for Telephone Conference held on 7/8/2020 before Magistrate Judge Steven Tiscione: Plaintiff failed to appear; Keane for Defendants. Pro Se Plaintiff did not call in to the conference. Accordingly, Defense Counsel will contact Plaintiff and provide him with the conference call-in information, the same information which was utilized today, for a telephone conference to be held July 22, 2020 at 10:00 a.m. Defendants counsel shall also forward a copy of this Order to the Plaintiff. (Vasquez, Lea) (Entered: 07/09/2020) |
| 07/22/2020 | | SCHEDULING ORDER: The next telephone conference will be held at 12:30 p.m. on July 31, 2020 before the undersigned. The call in information for the conference will be 888-557-8511 with the access code 3152145. Counsel for Defendants is requested to forward the call-in information to the Plaintiff who is proceeding pro se. So Ordered by Magistrate Judge Steven Tiscione on 7/22/2020. (Vasquez, Lea) (Entered: 07/22/2020) |
| 08/03/2020 | 142 | Minute Entry for Telephone Conference held on 7/31/2020 before Magistrate Judge Steven Tiscione: Plaintiff failed to appear; Keane for Defendants. Plaintiff did not appear for the conference. Defense counsel reported that he copied the entire file and forwarded it to Plaintiff at the address on record. Defendants will email Plaintiff and ask him for a specific list of any additional documents he needs to complete discovery. The Court will hold a further telephone conference on August 27, 2020 at 12:00 p.m. Defense counsel is directed to forward a copy of this scheduling Order to Plaintiff. Plaintiff is directed to appear at the next conference or the Court may be forced to impose sanctions. Parties will call-in on number 888-557-8511 and use access code 3152145. (Vasquez, Lea) (Entered: 08/03/2020) |
| 08/27/2020 | 144 | Mail Returned as Undeliverable. Copy of Minute Entry 142 sent to Jesus Santiago at address listed. Postal Note: "Return To Sender. Not Deliverable As Addressed. Unable To |

| | | |
|---|---|---|
| | | Forward." (Herrera, Isaiah) (Entered: 08/31/2020) |
| 08/29/2020 | 143 | Minute Entry for Telephone Conference held on 8/27/2020 before Magistrate Judge Steven Tiscione: Pro Se Plaintiff failed to participate in conference; Keane for Defendants. Plaintiff did not appear for the telephone conference despite being warned that failure to appear might result in sanctions. Defense counsel reports that Plaintiff has refused all contact and documents sent to his residence were returned to sender. The Court issues an Order to Show Cause directing Plaintiff to file a letter with the Court explaining why this case should not be dismissed for failure to prosecute no later than September 30, 2020. If the Plaintiff does not respond to this Order, Defendants shall file a motion to dismiss in accordance with the District Courts Individual Rules by October 30, 2020.Defense counsel is directed to forward a copy of this Order to Plaintiff by email since Plaintiff has not updated his address on the docket and Defendants do not have any other method of contacting Plaintiff, ( Show Cause Response due by 9/30/2020.) (FTR Log #12:05 - 12:15 (AT&T).) (Vasquez, Lea) (Entered: 08/29/2020) |
| 10/26/2020 | 145 | MOTION for pre motion conference *(to waive conference and adopt briefing schedule)* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/26/2020) |
| 10/29/2020 | | ORDER granting 145 Motion for Briefing Schedule. The Court hereby waives the usual requirement for a pre-motion conference, and instead orders the following modified briefing schedule for Defendants' anticipated motion to dismiss for failure to prosecute: Defendants shall serve upon Plaintiff, by U.S. mail and email, a copy of this briefing schedule and their motion papers by Monday, November 2, 2020. Plaintiff must respond to Defendants' motion by December 2, 2020. On or before December 2, Plaintiff must send his response by U.S. mail or email to counsel for Defendants. Defendants shall then have seven days from receipt of Plaintiffs' response to serve a reply, and to file the fully briefed motion papers to ECF in logical order. To account for any potential delays with the mail system, if Plaintiff fails to respond to Defendants' motion (and fails to timely request an extension), Defendants should wait until at least December 18, 2020 before uploading an unopposed motion to ECF. Ordered by Judge Kiyo A. Matsumoto on 10/29/2020. (Mayer, Michael) (Entered: 10/29/2020) |
| 11/05/2020 | 146 | MOTION for Extension of Time to Complete Discovery by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/05/2020) |
| 11/05/2020 | | ORDER granting 146 Motion for Extension of Time to November 11th to complete the deposition of Plaintiff. So Ordered by Magistrate Judge Steven Tiscione on 11/5/2020. (Vasquez, Lea) (Entered: 11/05/2020) |
| 12/04/2020 | 147 | MOTION for Hearing *to address issues raised by plaintiff* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Attachments: # 1 Exhibit Notice of Motion to be filed December 18, 2020, # 2 Exhibit Declaration of Michael J. Keane In Support of Motion to be filed December 18, 2020, # 3 Exhibit Memorandum of Law in Support of Motion served on November 2, 2020 and to be filed December 18, 2020) (Keane, Michael) Modified on 12/17/2020 (Incorrectly filed as a motion for a premotion conference.) (Vasquez, Lea). (Entered: 12/04/2020) |
| 12/11/2020 | 148 | MOTION: To release the complete file, to speak with original sentencing judge, to respect the subpoena and provide the documents that were requested, by Jesus Santiago. (Brown, Marc) (Main Document 148 replaced on 12/14/2020) (Brown, Marc). (Entered: 12/14/2020) |
| 12/17/2020 | | ORDER granting 147 Motion for Hearing: A telephone conference will be held at 11:00 a.m. on December 28, 2020 before the undersigned with the plaintiff and counsel for defendants. The parties shall connect to the conference through dial-in number 888-557- |

| | | |
|---|---|---|
| | | 8511 with access code 3152145. Counsel for defendants is directed to immediately forward a copy of this Order to the plaintiff who is proceeding pro se.<br><br>**THE PARTIES ARE REMINDED that audio or video recording of proceedings by any party other than the Court, is strictly prohibited by Local Civil Rule 1.8. Violation of this rule may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed appropriate by the Court.**<br><br>So Ordered by Magistrate Judge Steven Tiscione on 12/17/2020. (Vasquez, Lea) (Entered: 12/17/2020) |
| 12/18/2020 | 149 | Letter *documenting motion papers* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Attachments: # 1 Exhibit Attached Plea Minutes) (Keane, Michael) (Entered: 12/18/2020) |
| 12/18/2020 | 150 | MOTION to Dismiss for Lack of Prosecution by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 12/18/2020) |
| 12/18/2020 | 151 | AFFIDAVIT/DECLARATION in Support re 150 MOTION to Dismiss for Lack of Prosecution filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 12/18/2020) |
| 12/18/2020 | 152 | MEMORANDUM in Support re 151 Affidavit in Support of Motion, 150 MOTION to Dismiss for Lack of Prosecution filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 12/18/2020) |
| 01/04/2021 | 153 | Minute Entry for Motion Hearing held on 12/28/2020 before Magistrate Judge Steven Tiscione: Santiago, pro se plaintiff; Keane for Defendants. Docket shall be amended to include the following new contact information for pro se Plaintiff, Jesus Santiago: Lightthinking82@icloud.com; (571) 833-8010. Plaintiff's Motion 147 is denied as improperly filed. Plaintiff intends to file a motion for spoliation based on the loss of court records regarding Plaintiff's initial sentencing. Plaintiff will respond in writing to the Motion to Dismiss by January 15, 2021. Parties advise that they are otherwise finished with discovery and ready to proceed to the next stage. (Vasquez, Lea) (Entered: 01/04/2021) |
| 01/27/2021 | 154 | Mail Returned as Undeliverable: Copy of Minute entry 153 . Mail sent to Jesus Santiago 1407 Lantry Court Orlando, FL 32804. Postal Notation: Return to sender, Not deliverable as addressed, unable to forward. (Tavarez, Jennifer) (Entered: 02/04/2021) |
| 02/16/2021 | 155 | RESPONSE to Motion re 150 MOTION to Dismiss for Lack of Prosecution and MOTION for SPOLIATION Of EVIDENCE filed by Jesus Santiago. (Tavarez, Jennifer) (Entered: 02/16/2021) |
| 03/23/2021 | 156 | REPLY to Response to Motion re 150 MOTION to Dismiss for Lack of Prosecution *and response to spoliation motion in docket 155* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 03/23/2021) |
| 03/23/2021 | 157 | Letter from Jesus Santiago submitting a Motion of Request re: discovery. (See letter for details) (Tavarez, Jennifer) (Entered: 03/23/2021) |
| 03/24/2021 | 158 | Letter dated 3/23/2021 from Jesus Santiago informing the Court that he no longer wants to engage in communication with the Court or the Attorney General due to misleading information. Pro se Plaintiff requests the Court contact his mother if the Court must send a final notice or speak to him. (Mother's contact information is provided in the letter) (Tavarez, Jennifer) (Entered: 03/25/2021) |

| | | |
|---|---|---|
| 04/01/2021 | | ORDER REFERRING MOTION: 148 MOTION for Disclosure *to release the complete file, to speak with original sentencing judge, to respect the subpoena and provide the documents that were requested,* filed by Jesus Santiago, 150 MOTION to Dismiss for Lack of Prosecution filed by Anthony J. Annucci, Terrence X. Tracy, Brian Fischer Ordered by Judge Kiyo A. Matsumoto on 4/1/2021. Motions referred to Steven Tiscione. (Williams-Jackson, Sandra) (Entered: 04/01/2021) |
| 04/22/2021 | | ORDER deferring ruling on 148 Motion for Disclosure. A motion hearing will be held by phone before the undersigned at 11:30 AM on May 17, 2021. The parties shall connect to the hearing through dial-in number 888-557-8511 with access code 3152145.<br><br>THE PARTIES ARE REMINDED that audio or video recording of proceedings by any party other than the Court, is strictly prohibited by Local Civil Rule 1.8. Violation of this rule may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed appropriate by the Court.<br><br>Counsel for Defendants shall forward a copy of this order to Plaintiff. So Ordered by Magistrate Judge Steven Tiscione on 4/22/2021. (Trimes, Alexander) (Entered: 04/22/2021) |
| 05/11/2021 | 159 | NOTICE of Appearance by Robert Howard Rickner on behalf of Jesus Santiago (aty to be noticed) (Rickner, Robert) (Entered: 05/11/2021) |
| 05/18/2021 | 160 | Minute Order for Motion Hearing held on 5/17/2021 before Magistrate Judge Steven Tiscione: Rickner for Plaintiff; Keane for Defendants. Plaintiff recently retained new counsel, Mr. Rickner, who requested some time to familiarize himself with the case and obtain relevant files from prior counsel and Defendants. Plaintiff's MOTION to release the complete file, to speak with original sentencing judge, to respect the subpoena and provide the documents that were requested 148 is denied at this time. Plaintiff's new counsel will review the files, determine if materials are missing, and will confer with Defendants to obtain any missing documents prior to filing any discovery motions. In light of retention of new counsel, Defendants' Motion to Dismiss for Lack of Prosecution 150 is terminated without prejudice to renew if Plaintiff again disappears from the case. The Court will hold a telephone conference on July 16, 2021 at 10:30 a.m. Unless otherwise directed, the parties shall use the same dial-in information provided for todays call.(FTR Log #AT&T (11:30 - 11:50).) (Vasquez, Lea) (Entered: 05/18/2021) |
| 07/13/2021 | | Due to a conflict in the Court's calendar, the telephone conference scheduled for 10:30 a.m. on July 16th will instead begin at 4:30 p.m. on the same date. Counsel shall use the same dial-in information previously provided. So Ordered by Magistrate Judge Steven Tiscione on 7/13/2021. (Vasquez, Lea) (Entered: 07/13/2021) |
| 07/19/2021 | 161 | Minute Entry for Telephone Conference held on 7/16/2021 before Magistrate Judge Steven Tiscione: Rickner for Plaintiff; Keane for Defendants. Mr. Rickner reports that he has received some of the underlying file and Defendants have agreed to produce whatever materials Mr. Rickner has not been able to receive from Plaintiff's prior attorneys. Parties also need some additional time to exchange documents on damages that had not previously been exchanged. The Court will hold a further telephone conference on September 17, 2021 at 11:00 a.m. (Vasquez, Lea) (Entered: 07/19/2021) |
| 09/15/2021 | 162 | Consent MOTION to Adjourn Conference by Jesus Santiago. (Rickner, Robert) (Entered: 09/15/2021) |
| 09/15/2021 | | ORDER denying 162 Motion to Adjourn Conference. The conference will proceed as scheduled. So Ordered by Magistrate Judge Steven Tiscione on 9/15/2021. (Vasquez, |

| | | |
|---|---|---|
| | | Lea) (Entered: 09/15/2021) |
| 09/17/2021 | 163 | Minute Entry for Telephone Conference held on 9/17/2021 before Magistrate Judge Steven Tiscione: Rickner for Plaintiff; Keane for Defendants. Parties report that they are making progress on the remaining outstanding discovery and expect to be complete in the next month. The Court will hold a telephone conference on October 27, 2021 at 11:00 a.m. The parties shall connect to the conference through dial-in number 888-557-8511 with access code 3152145. (Vasquez, Lea) (Entered: 09/17/2021) |
| 10/28/2021 | 164 | Minute Entry for Telephone Conference held on 10/27/2021 before Magistrate Judge Steven Tiscione: Rickner for Plaintiff; Keane for Defendants. Parties report that some limited discovery remains. All remaining discovery shall be completed by November 30, 2021. Parties shall file the Joint Pretrial Order by January 31, 2022. (Vasquez, Lea) (Entered: 10/28/2021) |
| 01/27/2022 | 165 | Joint MOTION for Extension of Time to File *JPTO* by Jesus Santiago. (Rickner, Robert) (Entered: 01/27/2022) |
| 01/27/2022 | | ORDER granting 165 Motion for Extension of Time to File. The time to submit the Joint Pre-Trial Order is extended to February 14, 2022. So Ordered by Magistrate Judge Steven Tiscione on 1/27/2022. (Vasquez, Lea) (Entered: 01/27/2022) |
| 02/14/2022 | 166 | MOTION for Extension of Time to File *Proposed Joint Pre-trial Order* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 02/14/2022) |
| 02/14/2022 | | ORDER granting 166 Motion for Extension of Time to File. The time to submit the Joint Pre-Trial Order is extended to February 18, 2022. So Ordered by Magistrate Judge Steven Tiscione on 2/14/2022. (Vasquez, Lea) (Entered: 02/14/2022) |
| 02/18/2022 | 167 | Joint MOTION for Extension of Time to File *JPTO* by Jesus Santiago. (Rickner, Robert) (Entered: 02/18/2022) |
| 02/22/2022 | 168 | Proposed Pretrial Order *Joint* by Jesus Santiago (Rickner, Robert) (Entered: 02/22/2022) |
| 02/23/2022 | | ORDER finding as moot 167 Motion for Extension of Time to File. The parties have filed the pre-trial Order. So Ordered by Magistrate Judge Steven Tiscione on 2/23/2022. (Vasquez, Lea) (Entered: 02/23/2022) |
| 03/17/2022 | | SCHEDULING ORDER: A telephone conference will be held at 10:00 a.m. on March 22, 2022 before the undersigned. Counsel for all parties must participate and shall connect to the conference through dial-in number 888-557-8511 with access code 3152145.<br><br>**THE PARTIES ARE REMINDED that audio or video recording of proceedings by any party other than the Court, is strictly prohibited by Local Civil Rule 1.8. Violation of this rule may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed appropriate by the Court.**<br><br>So Ordered by Magistrate Judge Steven Tiscione on 3/17/2022. (Vasquez, Lea) (Entered: 03/17/2022) |
| 03/28/2022 | 169 | Minute Entry for Telephone Conference held on 3/22/2022 before Magistrate Judge Steven Tiscione: Rickner for Plaintiff; Keane for Defendants. Defendants are attempting to obtain additional authority to settle this matter or at least be in a position to engage in productive mediation. By April 19, 2022, the parties shall file a joint status report and advise the Court whether the case has been resolved, the parties want to be referred to mediation or that the case should be scheduled for trial on damages. (Vasquez, Lea) (Entered: 03/28/2022) |

| | | |
|---|---|---|
| 04/19/2022 | 170 | STATUS REPORT by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 04/19/2022) |
| 04/26/2022 | | ORDER re 170 Status Report filed by Anthony J. Annucci, Terrence X. Tracy, Brian Fischer. Counsel shall electronically file an updated status report by 4/27/2022. So Ordered by Magistrate Judge Steven Tiscione on 4/26/2022. (Vasquez, Lea) (Entered: 04/26/2022) |
| 04/27/2022 | 171 | STATUS REPORT *re settlement and mediation* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 04/27/2022) |
| 04/28/2022 | | SCHEDULING ORDER re 171 Status Report filed by Anthony J. Annucci, Terrence X. Tracy, Brian Fischer: A telephone conference will be held at 10:00 a.m. on May 4, 2022 before the undersigned. Counsel for all parties must participate and shall connect to the conference through dial-in number 888-557-8511 with access code 3152145.<br><br>**THE PARTIES ARE REMINDED that audio or video recording of proceedings by any party other than the Court, is strictly prohibited by Local Civil Rule 1.8. Violation of this rule may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed appropriate by the Court.**<br><br>So Ordered by Magistrate Judge Steven Tiscione on 4/28/2022. (Vasquez, Lea) (Entered: 04/28/2022) |
| 05/09/2022 | 172 | Minute Entry for Telephone Conference held on 5/4/2022 before Magistrate Judge Steven Tiscione: Rickner for Plaintiff; Keane for Defendants. Parties report that settlement discussions were unsuccessful and additional mediation would not be helpful at this time. Discovery is complete and the parties have already filed a JPTO. Defendants have indicated a desire to file an additional dispositive motion and shall file their pre-motion conference request no later than June 2, 2022 or a letter indicating that they will not be seeking permission to file any additional dispositive motions. Plaintiff does not intend to file any dispositive motions and seeks a trial date in accordance with the District Court's schedule. (Vasquez, Lea) (Entered: 05/09/2022) |
| 06/02/2022 | 173 | MOTION for pre motion conference by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 06/02/2022) |
| 06/03/2022 | | ORDER granting 173 Motion for Pre Motion Conference. All parties shall appear for a pre-motion conference on June 15, 2022 at 11:30 am. The parties shall dial into the conference by calling 1-888-684-8852 and entering the following access code: 1312089. The Plaintiff is directed to respond to Defendants' pre-motion letter by June 6, 2022. Ordered by Judge Kiyo A. Matsumoto on 6/3/2022. (Wong, Leah) (Entered: 06/03/2022) |
| 06/16/2022 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto: Pre Motion Conference held on 6/15/2022. Appearances: Robert Rickner, Esq. for Plaintiff; Michael Keane, Esq. for the Hochul, et. al. The court held a pre-motion conference in Courtroom 6C South on the proposed motion for summary judgment. The parties appeared by telephone.<br><br>This Court has already ruled on two prior motions for summary judgment filed by Defendants, in 2017 92 and 2019 128 . Because Defendants only alluded to evidence they should have and could have presented in prior motions for summary judgment in Defendants' June 2, 2022 request 173 for a third motion for summary judgment, the Court denied Defendants' request for any additional motion for summary judgment. *See Brown v. City of Syracuse*, F.3d 141, 147 n.2 (2d Cir. 2012) (holding that "successive motions for summary judgment may be procedurally improper if the arguments in the second motion |

| | | |
|---|---|---|
| | | could have been raised in the first motion" and making an exception only when "later events in the proceedings affected the factual record and gave the movant reason to make a second motion"); *see also Bonano v. Doe*, 628 F. App'x 25, 27 (2d Cir. 2015) (affirming the district court's consideration of a second summary judgment motion was appropriate only because the second motion was "accompanied by critical evidence absent from the first summary judgment motion"); *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (concluding that the Court need not approve "piecemeal consideration of successive motions for summary judgment" because parties ought to be "held to the requirement that they present their strongest case for summary judgment when the matter is first raised"). Here, the Court finds that the evidence that Defendants claim will support the proposed third motion for summary judgment was attainable, with due diligence, by the parties and could have been presented in support of Defendants' earlier summary judgment motion(s).<br><br>The Court reserved **November 23, 2022** for jury selection and trial on all issues in this case. The parties are further encouraged to attempt to settle this case with the assistance of Magistrate Steven Tiscione.<br><br>(Court Reporter Avery Armstrong.) (Wong, Leah) (Entered: 06/16/2022) |
| 06/16/2022 | 174 | CIVIL PRETRIAL ORDER. It is certified that the attorneys in this case shall be required to appear before this Court for jury selection and trial on November 23, 2022 at 9:00 a.m. See Order for all details. Ordered by Judge Kiyo A. Matsumoto on 6/16/2022. (Wong, Leah) (Entered: 06/16/2022) |
| 07/08/2022 | 175 | Consent MOTION for Extension of Time to File *and exchange motions in limine* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 07/08/2022) |
| 07/09/2022 | | ORDER granting 175 Motion for Extension of Time Until July 13, 2022 to File Motion in Limine. The parties are further encouraged to attempt to settle this case.Ordered by Judge Kiyo A. Matsumoto on 7/9/2022. (Williams-Jackson, Sandra) (Entered: 07/09/2022) |
| 07/29/2022 | 176 | MOTION in Limine by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 07/29/2022) |
| 07/29/2022 | 177 | AFFIDAVIT/DECLARATION in Support re 176 MOTION in Limine filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Attachments: # 1 Exhibit A - Plea Minutes, # 2 Exhibit B - Va. Sentencing Orders, # 3 Exhibit C - Cert Pet. of Kings DA, # 4 Exhibit D-Reply Cert Pet. of Kings DA, # 5 Exhibit E - Man DA Sparber Brief to Ct Appeals, # 6 Exhibit F - Sentence Monitoring Computation Data for Jesus Santiago) (Keane, Michael) (Entered: 07/29/2022) |
| 07/29/2022 | 178 | MEMORANDUM in Support re 176 MOTION in Limine , 177 Affidavit in Support of Motion, filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 07/29/2022) |
| 07/29/2022 | 179 | RESPONSE in Opposition re 176 MOTION in Limine *in opposition to Plaintiff's motions in limine* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 07/29/2022) |
| 07/29/2022 | 180 | REPLY in Support re 179 Response in Opposition to Motion, 178 Memorandum in Support, 176 MOTION in Limine , 177 Affidavit in Support of Motion, *and in opposition to Plaintiff's motions in limine* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 07/29/2022) |
| 07/30/2022 | 181 | MOTION in Limine by Jesus Santiago. (Rickner, Robert) (Entered: 07/30/2022) |

| | | |
|---|---|---|
| 07/30/2022 | 182 | AFFIDAVIT/DECLARATION in Support re 181 MOTION in Limine filed by Jesus Santiago. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Rickner, Robert) (Entered: 07/30/2022) |
| 07/30/2022 | 183 | RESPONSE in Opposition re 176 MOTION in Limine filed by Jesus Santiago. (Rickner, Robert) (Entered: 07/30/2022) |
| 08/26/2022 | 184 | First MOTION for Extension of Time to File *revised proposed JPTO* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 08/26/2022) |
| 08/31/2022 | 185 | REVISED JOINT PRETRIAL ORDER by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) Modified on 9/26/2022 (Williams-Jackson, Sandra). (Entered: 08/31/2022) |
| 09/08/2022 | | ORDER granting 184 Motion for Extension of Time to File. The parties are directed to file a Revised Joint Pretrial Order before close of business on Monday, September 12, 2022. Ordered by Judge Kiyo A. Matsumoto on 9/8/2022. (Williams-Jackson, Sandra) (Entered: 09/08/2022) |
| 10/14/2022 | 186 | NOTICE of Appearance by Rebecca A. Durden on behalf of Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (aty to be noticed) (Durden, Rebecca) (Entered: 10/14/2022) |
| 10/17/2022 | | STATUS CONFERENCE ORDER. The parties are ordered to appear for a status conference **tomorrow, October 18, 2022 at 3:00 pm** in Courtroom 6C South before Judge Kiyo A. Matsumoto. The parties shall appear by telephone. The parties shall dial into the conference by calling 1-888-684-8852 and entering the following access code: 1312089. The parties should be prepared to discuss their respective motions in limine. Ordered by Judge Kiyo A. Matsumoto on 10/17/2022. (LW) (Entered: 10/17/2022) |
| 10/18/2022 | 187 | Witness List by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy, Proposed Findings of Fact by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy, Proposed Jury Instructions/Verdict Form by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy, Proposed Voir Dire by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy, Exhibit List *Proposed (Revised) Joint Pretrial Order* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/18/2022) |
| 10/18/2022 | 188 | Letter MOTION to Adjourn Conference *on November 18 and Trial on November 23, 2022* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/18/2022) |
| 10/18/2022 | 189 | Consent MOTION to Adjourn Conference by Jesus Santiago. (Rickner, Robert) (Entered: 10/18/2022) |
| 10/18/2022 | | ORDER granting 189 Motion to Adjourn Conference. The status conference scheduled for today at 3:00 pm is adjourned to October 25, 2022 at 3:30 pm. Ordered by Judge Kiyo A. Matsumoto on 10/18/2022. (LW) (Entered: 10/18/2022) |
| 10/18/2022 | | AMENDED ORDER. The Court's order granting 189 Motion to Adjourn Conference is amended to clarify that parties shall dial into the conference by calling 1-888-684-8852 and entering the following access code: 1312089. The parties should be prepared to discuss their respective motions in limine and Defendants' 188 motion to adjourn the trial. The status conference is scheduled for October 25, 2022 at 3:30 pm. Ordered by Judge Kiyo A. Matsumoto on 10/18/2022. (LW) (Entered: 10/18/2022) |
| 10/25/2022 | | ORDER. Due to a scheduling conflict for the Court, the pre motion conference hearing scheduled for 3:30 pm today, on October 25, 2022, has been respectfully adjourned until 4:00 pm today, on October 25, 2022. The parties shall dial into the conference by calling |

| | | |
|---|---|---|
| | | 1-888-684-8852 and entering the following access code: 1312089. Ordered by Judge Kiyo A. Matsumoto on 10/25/2022. (LW) (Entered: 10/25/2022) |
| 10/26/2022 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto: Status Conference held on 10/25/2022. Appearances: Robert H. Rickner, Esq. for Plaintiff; Michael J. Keane, Esq. for Defendants. The parties discussed Defendants' motion, which Plaintiff opposes, to adjourn the trial, currently scheduled for jury selection on November 23, 2022, to a later date. The Court noted that the trial date was set at a conference on June 16, 2022, with input from both counsel, and denies the Defendants' adjournment motion because it would delay trial until late 2023 due to the parties' counsel's schedules, the Court's calendar, and the parties' expectations that this trial should take no longer than one week if appropriately focused on the issue of damages for the Plaintiff. Accordingly, jury selection for the trial will begin on November 23, 2022 and the trial will start on November 28, 2022 and continue through December 2, 2022.<br><br>The Court orders the parties to meet and confer and file a joint stipulation, or amended pre-trial order including stipulations, to facts and law which have been agreed to by all parties by November 4, 2022. The Court specifically directs the parties to provide stipulations of fact related to all sentences and periods of supervision of Plaintiff by federal, State of Virginia, and State of New York authorities. The parties were advised that speculative evidence and arguments as to what might have occurred will be precluded. The Court also advised the parties that it disagrees with Defendants' position that Plaintiff is limited to recovering nominal damages. *See Kerman v. City of New York*, 374 F.3d 93, 128-29 (2d Cir. 2004) ("[I]t was fundamental error for the trial court to fail to instruct the jury that, upon finding that [defendant] unlawfully deprived [plaintiff] of his liberty, the jury could award [plaintiff] compensatory damages for that loss of liberty.").<br><br>The parties are again strongly encouraged to consider engaging in good faith settlement discussions. The parties may contact Magistrate Judge Tiscione if they believe Judge Tiscione's assistance would be helpful to settlement. The parties are further reminded of their obligation to cooperate and work together in good faith as this case progresses. (Court Reporter Rivka Teich) (LW). (Entered: 10/26/2022) |
| 11/04/2022 | 190 | Joint MOTION for Extension of Time to File *Stipulations* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/04/2022) |
| 11/04/2022 | | ORDER granting 190 Motion for Extension of Time to File. The parties are granted until November 9, 2022 to file their joint stipulations of fact and law. The parties are also to submit a status update by that date on any settlement negotiation efforts. Ordered by Judge Kiyo A. Matsumoto on 11/4/2022. (LW) (Entered: 11/04/2022) |
| 11/09/2022 | 191 | Joint MOTION for Extension of Time to File *Stipulations of Fact and Law* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/09/2022) |
| 11/10/2022 | | ORDER granting 191 Motion for Extension of Time to File. The parties are granted until TOMORROW November 11, 2022 to file their joint stipulations of fact and law. The parties are also to submit a status update by that date on all settlement negotiation efforts. Ordered by Judge Kiyo A. Matsumoto on 11/10/2022. (LW) (Entered: 11/10/2022) |
| 11/11/2022 | 192 | Consent MOTION to Adjourn Conference *Briefly Adjourn Trial Due to Conflict With Another EDNY Case* by Jesus Santiago. (Rickner, Robert) (Entered: 11/11/2022) |
| 11/11/2022 | 193 | STATUS REPORT *Stipulations of Fact and Law* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Attachments: # 1 Proposed Findings of Fact and Conclusions of Law) (Keane, Michael) (Entered: 11/11/2022) |

| | | |
|---|---|---|
| 11/12/2022 | | ORDER re 192 Motion to Adjourn Conference. The request to adjourn the trial which was scheduled on June 16, 2022, to select the jury on November 23, 2022, and to begin on November 28, 2022, is respectfully denied. The court's trial schedule and other pending matters cannot accommodate the adjournment request. Ordered by Judge Kiyo A. Matsumoto on 11/12/2022. (SW) (Entered: 11/12/2022) |
| 11/16/2022 | 194 | MOTION to Appear by Telephone/Video *on behalf of defendant Commissioner Annucci* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/16/2022) |
| 11/16/2022 | | ORDER denying 194 Motion to Appear by Telephone/Video. Defendants' motion for Defendant Anthony J. Annucci to appear by video for his trial testimony is respectfully denied. *Rodriguez v. Gusman*, 974 F.3d 108, 114 (2d Cir. 2020)("Under Federal Rule of Civil Procedure 43(a), 'the judge has discretion to allow live testimony by video for good cause in compelling circumstances and with appropriate safeguards.'"). Plaintiff is entitled to have the witness cross-examined in open court and the jury is best served by being able observe Defendant Annucci's demeanor during direct and cross-examination. *Teller v. Helbrans*, No. 19-cv-3172-SJB, 2019 WL 3975555, at *2 (E.D.N.Y. Aug. 21, 2019)("The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." (quoting Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment)). Ordered by Judge Kiyo A. Matsumoto on 11/16/2022. (LW) (Entered: 11/16/2022) |
| 11/18/2022 | | Minute Order for proceedings held before Judge Kiyo A. Matsumoto: granting in part and denying in part 176 Motion *in Limine*; granting in part and denying in part 181 Motion *in Limine*; Final Pretrial Conference held on 11/18/2022. Robert Rickner, Esq. for Plaintiff; Michael Keane, Esq. and Rebecca Durden, Esq. for Defendants. The Defendants' motions *in limine* 176 and Plaintiff's motions *in limine* 181 were discussed. The Court ruled on the parties' motions *in limine* and discussed trial logistics.<br><br>For the reasons stated on the record:<br><br>(1) Defendants' motion 176 to preclude Plaintiff from offering speculation that he would have been relieved of post-release supervision ("PRS") or at liberty, given Penal Law § 70.45 and his sentences imposed by courts in the federal system and in the State of Virginia, is GRANTED. No parties may offer speculative arguments. Thus, Defendants are also precluded from offering speculation that Plaintiff would not have been relieved of post-release supervision or at liberty, had Defendants timely sought resentencing.<br><br>(2) Defendants' motion 176 to permit Defendants to introduce evidence as to Plaintiff's sentences imposed by courts in the federal system and in the State of Virginia is GRANTED, only to the extent that the sentences were imposed prior to June 12, 2007, when Plaintiff commenced serving a sentence as a result of Defendants' unlawful imposition of PRS. As to Defendants' request to "introduce evidence as to Penal Law § 70.45," and despite Defendants' failure to include any argument or analysis in their motions, the parties may submit briefing by November 21, 2022, at 12:00 p.m., regarding the relevance of Penal Law § 70.45 to punitive damages.<br><br>(3) Defendants' motion 176 to permit Defendants to argue that they were not the cause of any damages Plaintiff claims and to introduce evidence of the positions taken by District Attorneys and State courts as to PRS is DENIED.<br><br>(4) Defendants' motion 176 to permit Defendants to introduce evidence that Plaintiff would have been incarcerated or would have been serving terms of supervision in any |

| | | |
|---|---|---|
| | | event, even if Plaintiff had not been serving PRS in New York, is DENIED.<br><br>(5) Defendants' motion 176 to require Plaintiff to bear the burden of proof that his life would have been different had he been resentenced at an earlier date is DENIED.<br><br>(6) Defendants' motion 176 to permit Defendants to offer evidence of Plaintiff's criminal and parole history, including Plaintiff's criminal convictions and parole violations in New York, Virginia, and the federal system; AND<br><br>(7) Plaintiff's motion 181 to exclude Plaintiff's criminal history, specifically to limit the use of the history for impeaching Plaintiff, is DENIED IN PART AND GRANTED IN PART. The motions with respect to Plaintiff's criminal history will be resolved by the parties submitting Amended Stipulations of Facts and Law that may be marked as an exhibit and read into the trial record if authorized by the Court. The parties are to amend their prior Stipulations of Facts and Law 193 to omit Plaintiff's criminal history after June 12, 2007. The parties shall include the Amended Stipulations of Facts and Law in the Final Joint Pre-Trial Order.<br><br>(8) Plaintiff's motion 181 to order Defendants to limit their witness list is GRANTED. Defendants are to review and amend their witness and exhibit lists as set forth in the previously submitted Proposed Joint Pre-Trial Order 168 and meet and confer with Plaintiff to submit a FINAL Joint Pre-Trial Order by November 21, 2022 at 12:00 p.m. Defendants are ordered to provide the Court and Plaintiff's counsel with copies of its previously produced Rule 26 disclosures by November 19, 2022, no later than 5:00 p.m. The parties are advised that any witness not disclosed in their Rule 26 disclosures or during discovery will not be permitted to testify at trial, if opposing party objects.<br><br>In summary, by November 21, 2022 at 12:00 p.m., the parties are to submit (1) additional briefing on the introduction of Penal Law § 70.45 as evidence and its relevance to punitive damages; (2) a Final Joint Pre-Trial Order with (a) Amended Stipulations of Facts and Law, and (b) Amended Witness and Exhibit Lists. By November 19, 2022, at 5:00 p.m., Defendants must provide copies of their previously produced Rule 26 disclosures to facilitate the submission of an updated and accurate Final Joint Pre-Trial Order.<br><br>By November 21, 2022 at 12:00 p.m., the parties shall also provide the Court with two copies of all UPDATED exhibits, pre-marked for identification (Plaintiff is to use numbers; Defendants are to use letters), which each party intends to offer in evidence at trial, including: (i) each item of physical or documentary evidence; (ii) any learned treatises or publications to be introduced pursuant to Federal Rule of Evidence 803(18); and (iii) any disc upon which the exhibits have been recorded in digital form, if the party intends to present the evidence at trial digitally. The previously submitted Proposed Joint Pre-Trial Order does not indicate that transcripts of audio or video recordings will be offered either as substantive evidence or aids to the Court. The parties are respectfully ordered to deliver their trial materials by FedEx overnight or by messenger, to the Court's chambers by November 21, 2022 at 12:00 p.m.<br><br>(Court Reporter Linda Marino) (LW) (Entered: 11/18/2022) |
| 11/20/2022 | 195 | NOTICE of Appearance by Stephanie Panousieris on behalf of Jesus Santiago (aty to be noticed) (Panousieris, Stephanie) (Entered: 11/20/2022) |
| 11/21/2022 | 196 | MOTION for Extension of Time to File by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/21/2022) |

| | | |
|---|---|---|
| 11/21/2022 | 197 | MOTION in Limine *re Punitive Damages* by Jesus Santiago. (Attachments: # 1 Exhibit Ex. A - Annucci Testimony Excerpt) (Rickner, Robert) (Entered: 11/21/2022) |
| 11/21/2022 | 198 | MEMORANDUM in Support *of relevance of Penal Law 70.45 to Defendants' testimony.endants' testimony* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Attachments: # 1 Exhibit A) (Keane, Michael) (Entered: 11/21/2022) |
| 11/21/2022 | | ORDER granting 196 Motion for Extension of Time to File. Extension to submit final stipulations, a final joint pre-trial order, and two binders of final exhibits by 5:00 p.m. today is GRANTED. Ordered by Judge Kiyo A. Matsumoto on 11/21/2022. (LW) (Entered: 11/21/2022) |
| 11/21/2022 | 199 | Witness List by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 11/21/2022) |
| 11/22/2022 | 200 | STATUS REPORT by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 11/22/2022) |
| 11/22/2022 | 201 | Proposed Findings of Fact by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 11/22/2022) |
| 11/23/2022 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto:Jury Selection held on 11/23/2022. Robert Rickner, Esq. for Plaintiff and Stephanie Panousieris, Esq.; Michael Keane, Esq. and Rebecca Durden, Esq. for Defendants. All parties were present. Case called. Jury selected and dismissed. Jury trial is scheduled to begin on November 28, 2022 at 9:00 a.m. in Courtroom 6C South before Judge Matsumoto. (Court Reporter Georgette Betts.) (SW) (Entered: 11/23/2022) |
| 11/25/2022 | 202 | ORDER denying 198 Defendants' Motion *in Limine*. For the reasons set forth in the attached Memorandum and Order, the Court DENIES Defendants' request to "introduce evidence as to Penal Law § 70.45," its legislative history, and subsequent amendments at trial. Ordered by Judge Kiyo A. Matsumoto on 11/25/2022. (LW) (Entered: 11/25/2022) |
| 11/28/2022 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto:Jury Trial held on 11/28/2022. Case Called. All jurors were present. opening statements heard from both sides. Witnesses sworn and testified. Exhibits entered, and both sides rested. Jury trial to be continued on 11/29/22 at 9:00am. (Court Reporter Michele Lucchese.) (SW) Modified on 11/29/2022 (SW). (Entered: 11/28/2022) |
| 11/28/2022 | | ORDER ON DEFENDANTS' MOTION TO PRECLUDE PUNITIVE DAMAGES. The Court respectfully denies Defendants' motion to preclude punitive damages, based on the evidence in the record, the decisions of the Second Circuit, and this Court's prior rulings. Ordered by Judge Kiyo A. Matsumoto on 11/28/2022. (LW) (Entered: 11/28/2022) |
| 11/28/2022 | 203 | Proposed Jury Instructions. The attached proposed jury instructions are marked as Court Exhibit 1. Ordered by Judge Kiyo A. Matsumoto on 11/28/2022. (LW) (Entered: 11/28/2022) |
| 11/28/2022 | 204 | Proposed Verdict Form. The attached proposed verdict sheet is marked as Court Exhibit 1A. Ordered by Judge Kiyo A. Matsumoto on 11/28/2022. (LW) (Entered: 11/28/2022) |
| 11/29/2022 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto:Charging Conference held on 11/29/2022. Robert Rickner, Esq. for Plaintiff and Stephanie Panousieris, Esq.; Michael Keane, Esq. and Rebecca Durden, Esq. for Defendants. All parties were present. (Court Reporter Leeann Musolf.) (SW) (Entered: 11/29/2022) |
| 11/29/2022 | 205 | Final Jury Charge and Verdict Sheet. The attached Jury Charge is marked as Court Exhibit 2 and the attached Verdict Form is marked as Court Exhibit 2A. Both court |

| | | |
|---|---|---|
| | | exhibits reflect changes from the 11/29/22 charging conference. (Attachments: # 1 Verdict Form Court Exhibit 2A) (LW) (Entered: 11/29/2022) |
| 11/29/2022 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto:Jury Trial held on 11/29/2022.Robert Rickner, Esq. for Plaintiff and Stephanie Panousieris, Esq.; Michael Keane, Esq. and Rebecca Durden, Esq. for Defendants. All jurors present. Closing arguments heard from both sides. Jury charged and deliberations began. Jury deliberations to be continued on 11/30/2022 at 9:00am. (Court Reporter Leeann Musolf.) (SW) (Entered: 11/29/2022) |
| 11/30/2022 | 206 | Court Exhibit and Witness List. (SW) (Entered: 11/30/2022) |
| 11/30/2022 | 207 | Jury Notes (SW) (Entered: 11/30/2022) |
| 11/30/2022 | 208 | JURY VERDICT. (SW) (Entered: 11/30/2022) |
| 11/30/2022 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto:Jury Trial completed on 11/30/2022. Appearances: Robert Rickner, Esq. for Plaintiff and Stephanie Panousieris, Esq.; Michael Keane, Esq. and Rebecca Durden, Esq. for Defendants. Jury Trial completed on 11/30/22. Case called. All jurors present. The jurors continued their deliberations. Verdict returned for the Plaintiff against Defendants for compensatory and punitive damages. The jury was polled and dismissed. Defendants orally renewed their Federal Rule Civil Procedure 50 motion to dismiss Plaintiffs claim of punitive damages, and requested an extension of time to submit their supporting papers. The motion is deemed made and the Court scheduled briefing as follows: Defendants shall serve but not file their motion papers on Plaintiff by January 12, 2023; Plaintiff shall serve, but not file, its response on Defendants by February 13, 2023; Defendant shall serve a reply on Plaintiff, if any, by February 20, 2023. On that date, parties shall file the entire set of motion papers in logical order on ECF and send two courtesy copies by FedEx or messenger to Chambers.(Court Reporter Michele Luchese.) (SW) (Entered: 11/30/2022) |
| 11/30/2022 | 209 | JUDGMENT in favor of Jesus Santiago against Anthony J. Annucci, Brian Fischer, Terrence X. Tracy.Ordered by Judge Kiyo A. Matsumoto on 11/30/2022. (SW) (SW). (Entered: 11/30/2022) |
| 11/30/2022 | 210 | Consent MOTION for Extension of Time to File *Any Application for Costs and Fees* by Jesus Santiago. (Rickner, Robert) (Entered: 11/30/2022) |
| 12/07/2022 | | ORDER granting 210 Motion for Extension of Time to File a motion for costs and fees under 42 U.S.C. § 1988 and costs underFederal Rule of Civil Procedure 54 and Local Civil Rule 54.1. Ordered by Judge Kiyo A. Matsumoto on 12/7/2022. (SW) (Entered: 12/07/2022) |
| 12/28/2022 | 211 | MOTION for New Trial , MOTION for Judgment as a Matter of Law by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 12/28/2022) |
| 12/28/2022 | 212 | Letter *re briefing and motion schedule* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 12/28/2022) |
| 02/20/2023 | 213 | MEMORANDUM in Support re 211 MOTION for New Trial MOTION for Judgment as a Matter of Law *pursuant to Federal Rules 50 and 59* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 02/20/2023) |
| 02/20/2023 | 214 | MEMORANDUM in Opposition re 211 MOTION for New Trial MOTION for Judgment as a Matter of Law filed by Jesus Santiago. (Rickner, Robert) (Entered: 02/20/2023) |
| 02/20/2023 | 215 | RESPONSE in Opposition re 211 MOTION for New Trial MOTION for Judgment as a Matter of Law *Reply Memorandum* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 02/20/2023) |

| | | |
|---|---|---|
| 02/21/2023 | 216 | NOTICE of Appearance by Joel Abbott Wertheimer on behalf of Jesus Santiago (aty to be noticed) (Wertheimer, Joel) (Entered: 02/21/2023) |
| 03/24/2023 | 217 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 11/28/2023, before Judge Kiyo A. Matsumoto. Court Reporter/Transcriber Michele Lucchese, Telephone number 718-613-2272. Email address: MLuccheseEDNY@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 4/14/2023. Redacted Transcript Deadline set for 4/24/2023. Release of Transcript Restriction set for 6/22/2023. (Lucchese, Michele) (Entered: 03/24/2023) |
| 03/24/2023 | 218 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 11/30/2023, before Judge Kiyo A. Matsumoto. Court Reporter/Transcriber Michele Lucchese, Telephone number 718-613-2272. Email address: MLuccheseEDNY@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 4/14/2023. Redacted Transcript Deadline set for 4/24/2023. Release of Transcript Restriction set for 6/22/2023. (Lucchese, Michele) (Entered: 03/24/2023) |
| 03/28/2023 | 219 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 11-29-2022, before Judge Kiyo A. Matsumoto. Court Reporter/Transcriber Leeann Musolf, Telephone number (718) 613-2489. Email address: leeann_musolf@nyed.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 4/18/2023. Redacted Transcript Deadline set for 4/28/2023. Release of Transcript Restriction set for 6/26/2023. (Musolf, Leeann) (Entered: 03/28/2023) |
| 04/04/2023 | 220 | Letter *regarding controlling authority in Second Circuit oling* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Attachments: # 1 Exhibit A - Vincent decision) (Keane, Michael) (Entered: 04/04/2023) |
| 04/04/2023 | | ORDER. The Court is in receipt of Defendants' letter 220 . The parties are respectfully directed to provide supplemental briefing, no longer than three pages, on how the Second Circuit's recent decision in *Vincent v. Annucci*, No. 21-22, __ F.4th __, 2023 WL 2604235 (2d Cir. Mar. 23,2023) impacts the outstanding post-trial motions. The deadline for any supplemental briefing is Thursday, April 6, 2023 5:00 PM. Ordered by Judge Kiyo A. Matsumoto on 4/4/2023. (LW) (Entered: 04/04/2023) |
| 04/06/2023 | 222 | TRIAL BRIEF *re the Vincent Decision* by Jesus Santiago (Rickner, Robert) (Entered: 04/06/2023) |
| 04/06/2023 | 223 | Letter *regarding VIncent effect on new trial* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 04/06/2023) |
| 04/16/2023 | 224 | ORDER denying 211 Motion for New Trial; denying 211 Motion for Judgment as a Matter of Law. For the reasons set forth in the attached Memorandum and Order, the Court respectfully denies the Defendants' motions pursuant to Rule 50(b) and 59. The Court directs the parties to confer regarding the award of pre-judgment interest, costs, and attorneys' fees and to jointly report to the Court via ECF within thirty days of this |

| | | |
|---|---|---|
| | | decision. Ordered by Judge Kiyo A. Matsumoto on 4/16/2023. (LW) (Entered: 04/16/2023) |
| 05/16/2023 | 225 | NOTICE OF APPEAL as to 224 Order on Motion for New Trial,,, Order on Motion for Judgment as a Matter of Law,, 209 Judgment by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. Filing fee $ 505, receipt number ANYEDC-16706092. (Keane, Michael) (Entered: 05/16/2023) |
| 05/17/2023 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 225 Notice of Appeal, Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 05/17/2023) |
| 05/17/2023 | 226 | Letter *(joint report from parties)* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 05/17/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/26/2023 12:19:30 | | | |
| **PACER Login:** | greenwab | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:12-cv-02137-KAM-ST |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**JESUS SANTIAGO**,

Plaintiff,

-against-

**BRIAN FISCHER, individually and as Commissioner of the New York State Department of Corrections and Community Supervision, et. al.**,

Defendants.

**NOTICE OF CROSS APPEAL**

Index No. 12-CV-02137 (KAM) (ST)

PLEASE TAKE NOTICE that plaintiff JESUS SANTIAGO hereby appeals to the United States Court of Appeals for the Second Circuit from the judgment of the United States District Court for the Eastern District of New York (Matsumoto, DJ) entered on September 30, 2017 (Dkt. No. 92), solely to the limited extent that summary dismissal was granted in Defendants' favor, and Plaintiff's motion for summary judgment on liability against Defendants was denied, for the time period after February 6, 2008.

Dated: New York, New York
May 30, 2023

Rickner PLLC

By: /s/

Joel Wertheimer
Rob Rickner

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*

**(4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JESUS SANTIAGO,

Plaintiff,

-against-

ANDREW M. CUOMO, *et al.*,

Defendants.
----------------------------------X

**MEMORANDUM AND ORDER**

12-cv-2137 (KAM) (ST)

**MATSUMOTO, United States District Judge:**

Plaintiff Jesus Santiago alleges that state officials and officers violated his civil rights when they enforced a term of post-release supervision ("PRS") that had been administratively added to a custodial sentence. Before the court are the parties' cross-motions for summary judgment, as well as the defendants' motion to dismiss plaintiff's § 1983 claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the court grants in part and denies in part the parties' motions for summary judgment. The court partially grants defendants' motion for summary judgment and dismisses all defendants except Anthony J. Annucci, Brian Fischer, and Terrence X. Tracy, and dismisses plaintiff's state law claims for lack of jurisdiction. The court denies defendant's motion for summary judgment for defendants Annucci, Fischer, and Tracy for the period June 12, 2007 to February 6,

2008. The court grants plaintiff's motion for summary judgment on the liability of defendants Annucci, Fischer, and Tracy for the period June 12, 2007 to February 6, 2008.

## Background

### A. Litigation Concerning Post-Release Supervision

This is the rare case in which many of the issues presented by the parties have been extensively litigated before other district courts in New York, and before the Second Circuit. *See, e.g.*, *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006) ("*Earley I*"), *reh'g denied*, 462 F.3d 147 (2d Cir. 2006) ("*Earley II*"); *Vincent v. Yelich*, 718 F.3d 157, 173 (2d Cir. 2013); *Betances v. Fischer* ("*Betances II*"), 837 F.3d 162, 165 (2d Cir. 2016). The court refers to those decisions for a detailed discussion of the factual and legal issues surrounding the administrative imposition of PRS, and highlights only the key holdings applicable to this action.

Jena's Law, enacted in 1998 and codified in part as New York Penal Law Section 70.45(1), mandated that "[e]ach determinate sentence [of incarceration] also includes, as a part thereof, an additional period of post-release supervision." N.Y. Penal Law § 70.45(1) (2005). Despite Jena's Law, the Second Circuit has noted that "some [State] judges did not pronounce PRS terms during sentencing proceedings" and

"[i]nstead of bringing the failure to the attention of the sentencing court, [the Department of Correctional Services ("DOCS")] simply added the PRS term administratively." *Betances II*, 837 F.3d at 165. In such cases, "the inmates began to serve their PRS terms under [Division of Parole ("DOP")] supervision," and "DOCS and DOP were authorized to reincarcerate an offender who, after a hearing, was found to have violated the conditions of release." *Id.*

In 2006, in *Earley I*, upon a habeas petition, the Second Circuit concluded that "the Constitution forbids DOCS from modifying a sentence imposed by a judge," including in cases where DOCS had administratively modified a sentence to add a period of PRS where such a term was mandated by Section 70.45(1), but had not been imposed by a sentencing judge. *Id.* (citing *Earley I*, 451 F.3d at 74-76). The Second Circuit declared any term of PRS administratively added to a sentence but not imposed by a judge to be a "nullity," *id.* at 166 (citing *Earley I*, 451 F.3d at 76), and remanded the case for the district court's determination of whether Earley's habeas petition was timely. If so, the district court was to "issue a writ of habeas corpus excising the term of post-release supervision from Earley's sentence and relieving him of any

subsequent penalty or other consequences of its imposition." *Id.* (citing *Earley I*, 451 F.3d at 76-77.)

Notwithstanding *Earley I*, however, "[state] courts were inconsistent in adhering to *Earley I's* holding," and officials at the DOCS and DOP did not take "significant steps towards compliance with *Earley I*" until 2008, when the New York Court of Appeals ruled in *People v. Sparber* and *Garner v. New York State Dep't of Corr. Svs.* that "state law required [a sentencing] judge to pronounce the term of PRS orally at sentencing." *See Betances*, 837 F.3d at 167, 169 (describing Court of Appeals decisions in *Sparber*, 889 N.E.2d 459 (N.Y. 2008) and *Garner*, 889 N.E. 2d 467 (N.Y. 2008)). Also in 2008, the New York legislature "codified a process for resentencing individuals with unpronounced PRS terms," which "required DOCS and DOP to notify courts if they had custody of or supervision over a defendant with an administratively imposed PRS term and permitted the sentencing court . . . to resentence the defendant . . . ." *Id.* at 170 (describing New York Correction Law § 601-d).

The Second Circuit concluded that administrative imposition of PRS was not clearly unlawful for qualified immunity purposes until the Second Circuit's decision in *Early II*, which denied defendant's motion for rehearing, on August 31,

2006.  *Id.* at 172.  After *Early II*, however, state officials
were on notice that the practice of non-judicial PRS was
unconstitutional, and "the State was required either to have
[persons on whom PRS had been imposed administratively]
resentenced by the court for the imposition of PRS terms in a
constitutional manner or to excise the PRS conditions from their
records and relieve them of those conditions."  *Vincent*, 718
F.3d at 172; *see Santiago v. Fischer*, 09-cv-1383, 2016 WL
1118448, at *5 (E.D.N.Y. Mar. 21, 2016) (discussing the
distinction between the holdings in *Scott v. Fischer* and *Vincent
v. Yelich*).  The Second Circuit also made clear that DOCS had a
"constitutional obligation to at least attempt to cease its
administrative and custodial enforcement of PRS terms that had
been held unlawful under *Earley I*."  *Betances II*, 837 F.3d at
171 (quoting *Vincent*, 718 F.3d at 172-73) (internal quotation
marks omitted).  In *Betances II*, the Second Circuit determined
that Anthony J. Annucci, at relevant times the Executive Deputy
Commissioner of and Counsel to DOCS, Brian Fischer, the
Commissioner of DOCS, and Terence X. Tracy, the Chief Counsel
for DOP, "were responsible for designing and implementing their
departments' response to *Earley I*," but "did not make an
objectively reasonabl[e] effort to relieve [plaintiffs] of the
burdens of those unlawfully imposed terms after [they] knew it

had been ruled that the imposition violated federal law," and, therefore, were not entitled to qualified immunity. *Id.* at 167, 174 (internal quotation marks and citations omitted).

**A. Plaintiff's PRS Term**

On April 22, 2004, plaintiff entered DOCS custody on a sentence of three-and-one half years confinement for a class C felony of Criminal Possession of a Weapon in the Second Degree. (*See* Declaration of Steven H. Philbrick ("Philbrick Decl."), ECF 81 at ¶ 51; Sentence and Order of Commitment, ECF No. 12-3 (original sentence of January 2, 2002, indicating *nunc pro tunc* sentence received by DOCS on April 22, 2004).) The sentencing judge did not impose a term of post-release supervision on plaintiff. (Sentence and Order of Commitment; Re-sentencing Order of Dec. 15, 2010 ("Re-sentencing Order"), Philbrick Decl. Ex. E at 1 (reviewing original sentencing records.)) Nevertheless, on November 7, 2004, after completing his sentence of imprisonment, Mr. Santiago was released to DOP custody to begin a five-year period of PRS. (Philbrick Decl. at ¶ 52.) In 2005, Mr. Santiago left New York state and was deemed to have absconded from parole. (*Id.* at ¶ 53; Declaration of Craig Mausler, ECF No. 90 at ¶¶ 2-3, Ex. A at 1.) On April 3, 2007, DOP was notified that Mr. Santiago had been arrested in Virginia

on "local charges." (Parolee Chrono Report ("Chrono Report"), Philbrick Decl. Ex. C at 15.)

On June 12, 2007, Mr. Santiago waived extradition and was transferred from Virginia to New York. (*Id.* at 14.) Mr. Santiago was charged with violating the terms of his parole, and was returned to DOCS supervision to serve a 12-month "assessment" in custody. (Philbrick Decl. at ¶ 55.)

Mr. Santiago was released to parole supervision on January 31, 2008. (*Id.* at 56; Chrono Report at 12.) Mr. Santiago failed to report to his parole officer on February 6, 2008 and was deemed to have absconded. (Chrono Report at 12.) DOP was notified on April 23, 2008 that plaintiff had been arrested in Virginia. (Philbrick Decl. at ¶ 59; Chrono Report at 10.)

Mr. Santiago was transferred from Virginia state custody to federal custody in West Virginia on February 22, 2010, pursuant to a federal detainer. (Chrono Report at 3 (entry for May 17, 2010.)) He was extradited from federal prison in West Virginia to New York on September 14, 2010. (*Id.* at 2) On October 1, 2010, Mr. Santiago's parole was revoked for violating his PRS conditions, and he was ordered to serve a 38-month custodial term. (Philbrick Decl. at ¶ 62; Chrono Report at 1.) On September 27, 2010, DOP referred plaintiff to King's

County Supreme Court for possible resentencing, having
determined that plaintiff's "original sentence and commitment
document . . . contained no reference to a period of PRS" and
that Parole did not "have a copy of the sentencing minutes
within its files to confirm whether the period of PRS was
pronounced by the Court at the time of sentencing."  (Notice
Pursuant to Correction Law 601-d, Philbrick Decl. Ex. D at 1.)
On December 15, 2010, the King's County Supreme Court declined
to resentence plaintiff, because the court concluded that there
had been "no discussion or agreement concerning post release
supervision as part of the Defendant's sentence reflected
anywhere in the [initial sentencing] proceedings[.]"
(Resentencing Order at 1.)  Plaintiff was released from DOCS
custody on December 16, 2010, but owed time to the State of
Virginia from the time he was returned to New York from Virginia
in 2010.  (Philbrick Decl. ¶¶ 63, 67.)

**B.   Procedural History**

        Plaintiff filed his initial complaint on May 1, 2012,
and an amended complaint on June 4, 2012.  The action was stayed
pending the Second Circuit's ruling in *Betances v. Fischer*,
which was issued on June 4, 2013, and which affirmed the
district court's denial of a motion to dismiss.  *Betances v.
Fischer* ("*Betances I*"), 519 Fed. App'x 39, 41 (2d Cir. 2013)

(summary order) (consolidating appeal with *Vincent*, 718 F.3d at 157, and denying motion to dismiss on grounds of qualified immunity). The parties in the instant action filed motions for summary judgment, which were fully briefed on July 27, 2015. This court terminated those motions pending the Second Circuit's decision on the appeal of the summary judgment in *Betances*. On September 16, 2016, the Second Circuit issued its ruling in *Betances II*, and this court ordered briefing on the instant motions.

**STANDARD OF REVIEW**

Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012). The role of the court is "not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 162 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)) (internal quotation marks omitted). "A genuine issue of fact for trial exists where there is 'evidence on which the jury could reasonably find for'" the non-moving

party. *Id.* (quoting *Liberty Lobby*, 477 U.S. at 252). To defeat a motion for summary judgment, the non-movant must identify probative evidence on the record from which a reasonable factfinder could find in its favor. *Liberty Lobby*, 477 U.S. at 256-57. That is, the non-movant must make a showing of sufficient evidence of a "claimed factual dispute as to require a judge or jury's resolution of the parties' differing versions of the truth." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 468 (S.D.N.Y. 2011) (citing *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 206 (2d Cir. 2006)). Summary judgment "therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).

## APPLICABLE LAW

### A. Section 1983

To state a claim under § 1983, a complaint must allege that a state actor, or a private party acting under color of law, "deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999) (citation omitted). "Section 1983 is not

itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citations omitted).

"[I]n order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia,* the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven,* 720 F.3d 133, 138 (2d Cir. 2013) (citations omitted); *see Betances v. Fischer*, 144 F. Supp. 3d 441, 456 (S.D.N.Y. 2015), *aff'd* 837 F.3d 162 (2d Cir. 2016). A plaintiff can establish that a defendant was personally involved in a constitutional deprivation by, *inter alia*, showing that the defendant created a "policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom." *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995)).[1]

[1] The Second Circuit has recognized that *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), may have limited certain aspects of *Colon* by "heighten[ing] the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations." *Grullon*, 720 F.3d at 139. As other district courts in the Second Circuit have concluded, *Iqbal* does not disturb *Colon's* rule that a defendant may be liable under § 1983 for creating, or allowing the continuation of, an unconstitutional policy or custom. *Betances*, 144 F. Supp. 3d at 449 n.48; *Hill v. Laird*, No. 06-CV-0126(JS)(ARL), 2016 WL 3248332, at *6 (E.D.N.Y. June 13, 2016) (listing cases); *Spear v. Hugles*, No. 08 Civ. 4026, 2009 WL 2176725, at *2 (S.D.N.Y.

**B. Qualified Immunity**

On summary judgment, qualified immunity is denied to a government official "if (1) the facts taken in the light most favorable to the officials establish a violation of a constitutional right; and (2) the officials' actions violated clearly established . . . rights of which a reasonable person would have known." *Betances II*, 837 F.3d at 171 (internal quotation marks and citations omitted); *Taylor v. Barkes,* 135 S. Ct. 2042 (2015) ("Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." (quoting *Reichle v. Howards*, 131 S. Ct. 2088, 2093 (2012)). To be "clearly established," "existing precedent must have placed the statutory or constitutional question beyond debate." *Reichle*, 131 S. Ct., at 2093 (internal citations and quotations omitted); *Anderson v. Recore,* 317 F.3d 194, 197 (2d Cir. 2003) (holding that a right is clearly established if, *inter alia*, "the Supreme Court or the Second Circuit has recognized the right"). Where a clearly established right is violated, officials may nonetheless be entitled to qualified immunity "if [] it was objectively reasonable for them to believe their acts did not violate those

---

July 20, 2009) (stating that the "policy or custom" factor from *Colon* has survived *Iqbal*)

rights." *Zellner v. Summerlin*, 494 F.3d 344, 367 (2d Cir. 2007) (internal quotation marks and citations omitted).

"Defendants bear the burden of establishing qualified immunity." *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015) (citing *Vincent*, 718 F.3d at 166).

"If there is no dispute as to the material historical facts, the matter of whether the officer's conduct was objectively reasonable is an issue of law to be determined by the court." *Zellner*, 494 F.3d at 367 (citations omitted); *Taravella v. Town of Wolcott*, 599 F.3d 129, 134 (2d Cir. 2010) ("[A] conclusion that the defendant official's conduct was objectively reasonable as a matter of law may be appropriate where there is no dispute as to the material historical facts") (internal quotation marks and citations omitted).

**DISCUSSION**

This decision proceeds by first addressing whether plaintiff has made a cognizable claim under § 1983. Next, the court addresses the parties' arguments about whether, if such a claim exists, plaintiff has sufficiently demonstrated the "personal involvement" of each defendant. After concluding that all defendants but Annucci, Fischer, and Tracy must be dismissed for lack of personal involvement, the court turns to the parties' arguments concerning personal involvement and qualified

immunity for those three defendants. Finally, the court addresses plaintiff's state law claims, concluding that it does not have jurisdiction over those claims.

**I. Plaintiff's § 1983 Claim**[2]

Defendants argue that they are entitled to summary judgment on plaintiff's claim under § 1983 because defendants acted in an objectively reasonable manner, and because plaintiff "suffered no injury." (Memorandum of Law in Support of Defendants' Motion Pursuant to Fed. R. Civ. P. Rules 12(b)(6) and 56 ("Def. Mot.") at 11, 13.) Conversely, plaintiff moves for summary judgment on the ground that the administrative imposition and enforcement of PRS was unconstitutional subsequent to *Earley I*.

**A. False Imprisonment**

"A Fourth Amendment claim of false imprisonment brought under 42 U.S.C. § 1983 is substantially the same as a false imprisonment claim under New York State law . . . . To

[2] In his Amended Complaint, plaintiff alleges a deprivation of civil rights pursuant to § 1983, but also references 18 U.S.C. §§ 1985(2) - (3) and 1985, which create causes of action for, *inter alia*, conspiracies to obstruct justice and to deprive a person of rights or privileges, and negligence for failure to prevent such conspiracies. (Amended Complaint ("Am. Compl."), ECF No. 12, ¶ 83. (citing 18 U.S.C. §§ 1985 (2), (3), 1986.)) Plaintiff does not appear to allege a conspiracy in the Amended Complaint, and does not address any conspiracy claims in his moving papers. The court therefore proceeds by analyzing this claim under § 1983.

state a claim for false imprisonment, a plaintiff must allege:
(1) the defendant intended to confine the plaintiff, (2) the
plaintiff was conscious of the confinement, (3) the plaintiff
did not consent to the confinement, and (4) the confinement was
not otherwise privileged." *Greenaway v. Cty. of Nassau*, 97 F.
Supp. 3d 225, 233 (E.D.N.Y. 2015) (quoting *Weyant v. Okst*, 101
F.3d 845, 852-53 (2d Cir. 1996).  Probable cause is a complete
defense to a claim of false imprisonment.  *Id.*

         Defendants argue that their conduct was privileged,
citing the New York State Court of Appeals decision *Donald v.
State* for the proposition that DOCS's actions after *Earley* were
"objectively reasonable."  (Def. Mot. at 11-12 (citing *Donald*,
17 N.Y.3d 389, 396 (2011).)  Defendants, however,
mischaracterize *Donald*, which is a case concerning the immunity
of New York State.  *See Donald*, 17 N.Y.3d at 395-96 (explaining
that DOCS's exercise of discretion in the wake of *Earley*, even
if "mistaken[]," "cannot be a basis for state liability.").
*Donald* does not stand for the proposition that the actions of
individual defendants – specifically Annucci, Fischer, and Tracy
– were "objectively reasonable," and it is therefore inapposite.
Furthermore, as discussed further below, the Second Circuit has
already determined that these same three officials acted in an
objectively unreasonable manner as a matter of law in rejecting

the defendants' qualified immunity defense in *Betances II*. *See* 837 F.3d at 174. Defendants' enforcement of administrative PRS on plaintiff was therefore not privileged. *See Bentley v. Dennison*, 852 F. Supp. 2d 379, 398 (S.D.N.Y. 2012) (concluding that because it was "objectively unreasonable of defendants to continue enforcing administrative PRS without seeking resentencing for two years after *Earley*, defendants' re-incarceration of plaintiffs was not privileged" for purposes of a false imprisonment claim).

Defendants also argue that plaintiff cannot make out a false imprisonment claim because defendants could not "unilaterally release" plaintiff without "judicial intervention," and because until June 2008, there was no "formal mechanism to refer individuals for resentencings." (Def. Mot. at 2, 12.) Plaintiff, however, does not simply claim that defendants should have "unilaterally release[d]" him, but rather that "defendants failed to seek to remove Santiago's PRS or have him resentenced or otherwise released after the issuance of *Earley*." (Am. Compl. at ¶ 77.) As the Second Circuit made clear in *Betances II*, whether or not there was a "formal mechanism" to initiate resentencing, "the decision to review . . . records and notify state judges and district attorneys about defendants who needed to resentenced required no

cooperation from others. If the district attorneys and judges ultimately rejected compliance, the resentencings would not have taken place, but the defendants would have satisfied their obligation . . . ."[3] 837 F.3d at 174. Thus, liability in this case is not premised on defendants' failure to unilaterally release plaintiff, but rather their failure to "make an objectively reasonabl[e] effort to relieve plaintiffs of the burdens" of administratively-imposed terms of PRS, despite knowing that these terms "violated federal law." *Id.* (internal quotation marks and citations omitted).

**B. Due Process**

Defendant argues that plaintiff cannot make out a "compensable" due process claim because he "suffered no injury from any delay in referring him for resentencing," again emphasizing that "at no time was he entitled, as a matter of due process, to be relieved of PRS." (Def. Mot. at 13-14.) Defendants argue that "at most" their "conduct resulted in only nominal injury to Plaintiff." (*Id.* at 13.) As discussed, however, the issue is not whether or not plaintiff was "entitled . . . to be relieved of PRS," as defendants assert. Rather, plaintiff claims that he suffered a compensable harm

[3] As discussed *infra*, in *Betances II* the Second Circuit was specifically addressing the obligations of Annucci, Fischer, and Tracy, who are also defendants to this action.

from defendants' failure to refer plaintiff for resentencing,
from defendants' active enforcement of an unconstitutional term
of PRS, which resulted in, *inter alia*, his extradition from
Virginia, charges that he violated the terms of his parole, his
incarceration in New York from June 2007 to January 31, 2008,
and return to New York parole supervision by February 1, 2008.
(*See* Am. Compl.)  Furthermore, defendants' argument that
plaintiff suffered no compensable harm ignores the possibility
that had defendants referred plaintiff for resentencing when he
was returned to DOC custody in 2007, the King's County Supreme
Court may have chosen not to impose a term of PRS.  Indeed, when
plaintiff was eventually referred for resentencing in 2010, the
court declined to impose a PRS term and released plaintiff.
(Resentencing Order at 1.)  A jury might well conclude that
plaintiff suffered a compensable injury on these facts, and
plaintiff has raised a triable issue of material fact on this
issue.  Similarly, defendants' claim that plaintiff failed to
mitigate his damages because he did not seek relief while
incarcerated goes to the triable issue of damages, and not
liability.  (*See* Def. Mot. at 14.)

## II. PERSONAL INVOLVEMENT AND QUALIFIED IMMUNITY

The Amended Complaint names as defendants twenty-four
individuals in the caption, as well as unidentified "John Doe"

plaintiffs. (Am. Compl. at p. 1.) An additional defendant, Mark Mentei, is named in the body of the Complaint, but is not listed in the caption.[4] (*Id.* at ¶ 9.)

Plaintiff moves for summary judgement against defendants George B. Alexander, Anthony J. Annucci, Robert J. Dennison, Anthony G. Ellis II, Andrea W. Evans, Brian Fischer, Glenn S. Goord, Lucien J. LeClaire, Jr., Kevin G. Ludlow, Mark Mentei, and Sally A. Thompson, all either officials or employees of DOCS or DOP. (Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment ("Pl. Mot."), ECF No. 78-2 at 1.) With few exceptions, however, plaintiff's only reference to the foregoing defendants is in the Amended Complaint, which merely repeats the generic allegation that each defendant, regardless of seniority, "was and is responsible for establishing and enforcing DOCS's and DOP's policies with respect to PRS." (*See* Am. Compl. at pp. 3-5.)

Defendants move to dismiss plaintiff's claims against defendants Ludlow, Elovich, Thompson, Arroyo, McCartney, McKinney, Fleishman, Paredes, Stevenson, Mason, Johnson,

---

[4] There is no record that Mentei, who is identified in the Amended Complaint as "Executive Director of DOP," was ever served. (*See* ECF Nos. 3, 4, 14 (entries regarding issuance of summons.)) Defendants claim that Corrado, Zunno, LeClaire, Goord, and Ellis were not served (*see* Def. Mot. at 2-3), but summons issued for all five defendants (*see* ECF No. 14), and Zunno returned an executed Waiver of Service (ECF No. 34).

Alvarez, Council, Corrado, and Zunno, on the grounds that these individuals were "non-policymaking" employees of the Division of Parole and that plaintiff has not alleged sufficient facts to show that these individuals were personally involved in any deprivation of constitutional rights. (Def. Mot. at 2-3, 15.) In addition, defendants argue that certain members of the Board of Parole or parole supervisors[5] are entitled to absolute immunity to the extent they are being sued in their official capacities. (Def. Mot. at 19.)

Defendants also argue that the other individual defendants, specifically Fischer, Annuci, LeClaire, Goord, Evans, Alexander, Tracy, Dennison, and Ellis, should be dismissed for lack of personal involvement, and further that "Evans and Alexander should be dismissed because they did not serve at any time relevant to the claims Plaintiff raises in this lawsuit." (Def. Mot. at 3.) Finally, defendants argue that any defendant deemed to have been personally involved in a constitutional violation should be entitled to qualified immunity. (Def. Mot. at 17.)

For the reasons described below, the court dismisses this action as to all defendants except Annucci, Fischer, and Tracy for lack of personal involvement.

---

[5] Specifically, defendants Ludlow, Elovich, Thompson, Arroyo, McCartney, McKinney, Fleishman, Paredes, and Stevenson.

**A.    Goord and LeClaire**

        In the Amended Complaint, plaintiff describes
defendant Glenn S. Goord as the "Commissioner of DOCS from 1996
to August 30, 2006," and defendant Lucien J. LeClaire, Jr., as
the "Acting Commissioner of DOCS from August 30 to December 31,
2006." (Am. Compl. at ¶¶ 5-6.)  As commissioner and acting
commissioner of DOCS, Goord and LeClaire would have had
supervisory authority over DOCS's policies.  *Betances*, 144 F.
Supp. 3d at 456 ("As commissioners, [Goord and LeClaire] had the
ultimate authority over DOCS policies.").  Nevertheless, "a
defendant's supervisory authority is insufficient in itself to
demonstrate liability under § 1983.  A defendant's personal
involvement may be shown by evidence that," *inter alia*, "the
defendant created a policy or custom under which
unconstitutional practices occurred, or allowed the continuance
of such a policy or custom." *Santiago*, 2016 WL 1118448, at *4
(citing *LaMagna v. Brown*, 474 F. App'x 788, 789 (2d Cir. 2012);
*Grullon*, 720 F.3d at 139).  In his summary judgment submissions,
plaintiff has not submitted any evidence concerning the personal
involvement of Goord or LeClaire in shaping DOCS policy
subsequent to *Earley I*.  Furthermore, *Earley I* was issued on
June 9, 2006, and rehearing was denied in *Earley II* on August
31, 2006, the day after LeClaire replaced Goord as Acting

Commissioner of DOCS. Plaintiff has not submitted evidence, or even alleged, that Goord was even aware of the *Earley* litigation in the approximately three-month period between the Second Circuit's decision in *Earley I* and his replacement by LeClaire. Nor has plaintiff alleged that LeClaire was aware of, or involved in, any policy response to *Earley I* during the four-month period during which he served as Acting Commissioner of DOCS.

As Judge Scheindlin noted in granting summary judgment for Goord and LeClaire in *Betances*, "[a]t best . . . a reasonable jury could find that Goord and LeClaire were negligent in failing to take action to prevent a constitutional injury. Negligence, however, is not sufficient to support section 1983 liability for a due process violation." *Betances*, 144 F. Supp. 3d at 456. Goord and LeClaire are therefore dismissed from this action.

**B. Ludlow, Elovich, Thompson, and Mason**

In his Rule 56.1 Statement, plaintiff asserts that "[d]efendants Ludlow, Elovich and Thompson conducted a conditional release-parole violation [] interview of Santiago" and that "defendant Mason is also listed." (Plaintiff's Statement of Material Facts in Support of Summary Judgment ("Pl. 56.1"), ECF No. 78-1 at ¶ 12.) In violation of Local Rule

56.1(d), plaintiff fails to cite to any evidence or source concerning this interview, but he may be referencing a February 4, 2008 Parole Board Release Notice for Mr. Santiago, listing DOP Commissioners Ludlow, Elovich, and Thompson. (Am. Compl. at ¶¶ 14-16, 23; Parole Board Release Notice, ECF No. 12-14 at 2.) Even inferring that, as DOP Commissioners, defendants Ludlow, Elovich, and Thompson may have had some policy-making role, plaintiff does not introduce any evidence – or make detailed allegations – concerning the nature and extent of their involvement, if any, in developing policies to respond to *Earley I*. As with defendants Goord and LeClaire, plaintiff has failed to point to any evidence from which a fact-finder could conclude that Ludlow, Elovich, and Thompson were personally involved in a deprivation of plaintiff's constitutional rights. Nor does plaintiff explain how defendant Mason, a Parole Officer, would have been engaged in policy-making, or why his mere presence at an interview with plaintiff would present a question of fact concerning his liability for a violation of plaintiff's rights. The plaintiff's vague and conclusory allegations are therefore insufficient to show the personal involvement of defendants Ludlow, Elovich, Thompson, and Mason, which would be required to defeat a motion for summary judgment. *See Betances*, 144 F. Supp. 3d at 456 (discussing a similar

Case: 16-3725, Document 20, 02/27/2017, 1978420, Page70 of 86

deficiency in the *Betances* plaintiffs' case with regard to Goord and LeClaire.) The defendants' motion for summary judgment as to defendants Ludlow, Elovich, Thompson, and Mason is granted, and the claims against these defendants are dismissed.

**C. Evans, Alexander, and Dennison**

Defendants argue that Andrea W. Evans, identified in the Amended Complaint as "Chairwoman and Chief Executive Officer of DOP" (Am. Compl. at ¶ 8), should be dismissed for lack of personal involvement, and also assert that she "did not serve at any time relevant to the claims Plaintiff raises in this lawsuit" (Def. Mot. at 3). Evans served as the Chairwoman of Parole from June 2009 to June 2013. (Philbrick Decl. at ¶ 72.) Defendants, however, also identify her as a "policy-making official[]" from June 2007 and February 2008, the period during which plaintiff served a custodial term for violating his unconstitutional administratively-imposed term of PRS. (*See* Def. Mot. at 16.) Robert Dennison and George Alexander were Evans's predecessors, serving as Chairman of Parole from 2004 to April 2007 and from May 2007 to December 2008, respectively. (Philbrick Decl. at ¶ 72.) Although the court might infer that the Chairwoman or Chairman of DOP would be involved in policymaking, plaintiff has not submitted any evidence that would enable a fact-finder to determine that Evans, Alexander,

or Dennison was personally involved in a constitutional deprivation.[6] *See Betances*, 144 F. Supp. 3d at 456 (granting summary judgment for certain defendants, including Evans, Alexander, and Dennison, because plaintiffs similarly failed to "offer . . . evidence of any personal involvement"). Given the lack of clarity and evidence as to the specific role Evans, Alexander, or Dennison played during the relevant period, the court will grant these defendants summary judgment and dismiss all three from this action.

**D. Additional DOP Officials and Officers**

Defendants Arroyo, McCartney, McKinney, Fleishman, Paredes, Stevenson, Johnson, Alvarez, Council, Corrado, Mentei, Ellis, and Zunno are DOP officials or Parole Officers. Aside from the generic allegation that each of these individuals, regardless of seniority, was "responsible for establishing and enforcing DOCS's and DOP's policies with respect to PRS," plaintiff does not explain how they were personally involved in

---

[6] In *Hassell*, another case involving an administratively-imposed term of PRS, Judge Hellerstein of the Southern District denied Evans' motion for a judgment on the pleadings. *Hassell v. Fischer*, 96 F. Supp. 3d 370 (S.D.N.Y. 2015), *appeal pending*, No. 16-2835 (2d Cir. 2017). The plaintiff in *Hassell* alleged that Evans, along with others, was involved in the DOP's policy response to *Earley I*. *Id.* at 374. In contrast to the instant motion for summary judgment, however, on a motion for judgment on the pleadings, the allegations in a complaint are taken as true. *See id.*

violating his constitutional rights, or even whether any individual was aware of *Earley I* and involved in the DOP's policy response.[7] *See Betances*, 144 F. Supp. 3d at 456 (granting summary judgment to Evans, Mentei, Dennison, Ellis, and Alexander on the same grounds). The court grants summary judgment to defendants Arroyo, McCartney, McKinney, Fleishman, Paredes, Stevenson, Johnson, Alvarez, Council, Corrado, Mentei, Ellis, and Zunno.

**E. Fischer, Annucci, and Tracy**

In *Betances II*, the Second Circuit affirmed the district court's conclusion that Fischer, Annucci, and Tracy "did not make an objectively reasonable effort to relieve plaintiffs of the burdens of those unlawfully imposed [PRS] terms after they knew it had been ruled that the imposition violated federal law." *Betances II*, 837 F.3d at 174. Notwithstanding *Betances II*, and just as they unsuccessfully argued in that case, Fischer, Annucci, and Tracy contend that they are entitled to summary judgment, first because plaintiff

[7] Certain defendants made entries on Mr. Santiago's Parolee Chrono Report, but such entries, without more, would give a factfinder no basis on which to conclude that these officers were involved in the DOP's policy response to *Earley I* or were even aware of the decision and its implications for parolees such as Mr. Santiago. (*See* Chrono Report, including entries authored by or referencing Officers Paredes, Council, Arroyo, and Zunno.)

has not established their personal involvement in any constitutional violation, and second because they are entitled to qualified immunity. (Def. Mot. at 17-18; *see Betances*, 144 F. Supp. 3d at 450.)

1. Personal Involvement

Although plaintiff's submissions are non-specific and vague as to the policy-making involvement of any named defendant except Annuci,[8] this is the unusual case in which the Second Circuit has already summarized the facts relevant to, and addressed the precise issue presented by, the defendants' summary judgment motion: whether they "were responsible for designing and implementing their departments' response to *Earley I*." *Betances II*, 837 F.3d at 167. In affirming the district court's grant of summary judgment on liability against Annucci, Fischer, and Tracy, the Second Circuit described the roles played by these three defendants, and implicitly concluded that they participated in creating policies or customs "under which

[8] Plaintiff simply asserts that "the record leaves no doubt that Annucci, Fischer, and Tracy were personally deeply involved in designing, authorizing, and overseeing the DOCS and DOP policies that violated plaintiff's rights." (Pl. Opp. at 5.) The only document plaintiff cites for support is an affirmation submitted by Annucci in connection with a June 4, 2008 application for a temporary restraining order and preliminary injunction to enable the DOCS and DOP to "maintain . . . continued custody or supervision" of individuals who were serving terms of administratively-imposed PRS terms. (Affirmation of Anthony Annucci ("Annucci Aff."), ECF No. 12-1 at ¶ 4.)

unconstitutional practices occur[ed], or allow[ed] such practices to continue." *See Betances*, 144 F. Supp. 3d at 449, 454-55 (describing personal involvement standard and concluding that Annucci, Fischer, and Tracy were personally involved in DOCS and DOP's policy response to *Earley I*); *Santiago*, 2016 WL 1118448, at *4 (citing *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013)) (describing standard for personal involvement in another PRS case). Specifically, the Second Circuit explained that "[t]he three defendants became aware of *Earley* I's holding at different times," and noted that Annucci, despite "immediately under[standing] *Earley I*'s holding . . . deliberately refused to change DOCS procedures to bring them into compliance." *Betances II*, 837 F.3d at 167, 171. In fact, "[i]n August 2006, Annucci emailed DOCS personnel to inform them that . . . DOCS would not follow" *Earley I*. *Id.* In early 2007, Annucci arranged for DOCS personnel to manually review inmate files to determine whether sentencing and commitment orders reflected PRS terms, and flagged those that did not. *Id.* at 169. Despite obtaining this information, Annucci did not take steps to remove administrative PRS terms, or to seek resentencing, until after the New York State Court of Appeals decisions in *Garner* and *Sperber* in April 2008. *Id.* at 167-169; (Annucci Aff. at ¶¶ 39-40 (describing review process)).

Fischer, as Commissioner of DOCS, "understood *Earley I's* holding
and agreed with Annucci's decision not to follow its holding."
*Betances II*, 837 F.3d at 167.  In fact, on July 2, 2007, Fischer
directed Annucci to respond to an inmate who asked about his
term of administratively-imposed PRS, and Annucci explained that
*Earley* was "contrary to state appellate case law," and that
"[w]hen state and federal courts reach different results
regarding state law, the state case law takes precedence over
federal case law in state court" until the Supreme Court
addresses the issue.  (July 2, 2007 Letter from Annucci to
Smith, ECF No. 12-12 at 1-2.)  With regard to defendant Tracy,
the Second Circuit, in *Betances*, citing extensively from Tracy's
deposition testimony in which he stated that he became aware of
and understood *Earley I* in late 2006, concluded that Tracy had
"affirmatively decided to continue DOP's former approach,"
whereby DOP would not investigate whether it was supervising a
parolee with an administrative PRS term, "in contravention of
*Earley I*."  *Betances II*, 837 F.3d at 168, 171.

    2. Qualified Immunity

       This court also concludes that Annucci, Fischer, and
Tracy are not entitled to qualified immunity for the period June
12, 2007 to February 6, 2008, during which time New York exerted
control over plaintiff through the extradition process for a

parole violation, plaintiff's confinement, and release into parole supervision, as a result of defendants' inaction. "Defendants bear the burden of establishing qualified immunity." *Garcia*, 779 F.3d at 92 (citing *Vincent*, 718 F.3d at 166).

The Second Circuit has already concluded that the "unconstitutionality of the administrative imposition or enforcement of postrelease conditions that were not judicially imposed" was "clearly establish[ed]" by *Early I*, which was decided on June 9, 2006. *Vincent*, 718 F.3d at 160. The Second Circuit has also established that, even in the light most favorable to the defendants, Annucci was aware of *Earley* and its implications by June 20, 2006 at the latest, Fischer by January 31, 2007 and Tracy by December 31, 2006,[9] but none of the defendants took "meaningful steps to bring their departments into compliance with *Earley I*" until 2008. *Betances II*, 837 F.3d at 172-73. The Second Circuit determined that this delay

---

[9] The court also noted that although Annucci understood *Earley I* when it was decided on June 20, 2006, he could reasonably have waited to take action until August 31, 2006, when the Second Circuit denied reconsideration in *Earley II*. *Betances*, 837 F.3d at 172. The court therefore set August 31, 2006 as the earliest day on which liability could be imposed on any defendant. *Id.* The Second Circuit instructed the district court to "engage in factfinding on remand to determine with more specificity the dates that Tracy and Fischer understood the holding of *Earley I*." *Id.* As described *supra*, such additional fact-finding is unnecessary in this case because the court concludes that Annucci, Fischer, and Tracy would be immune from liability for the period before June 12, 2007, when plaintiff was not in New York's custody.

was "objectively unreasonable." *Id.* The Second Circuit explained that "the three defendants [as here, Annucci, Fischer, and Tracy] decided not to comply with *Earley I* although they understood the meaning of its holding and that its holding applied to their departments . . . both DOCS and DOP continued to violate [*Earley*] retrospectively, by taking no steps to cease enforcing PRS terms that had been added to sentences by DOCS employees." *Id.* at 168-69.

Defendants attempt to distinguish *Betances* on four grounds. First, defendants argue that they should be "shielded from liability for not referring Plaintiff for resentencing during the time that he was an absconder, before June 2007 and after February 2008[,]" because "[t]here was no clearly established federal law requiring Defendants to take steps to correct a PRS term of an individual who had absconded, was not in the jurisdiction and clearly was not abiding by the PRS term." (Def. Mot. at 17.) Defendants also argue that they should be "shielded from liability for their actions in 2010, when Plaintiff was extradited back to New York" because he was referred to resentencing "within two weeks" of his extradition, following the process required by New York Correction Law § 601-d. (*See id.* at 17-18.)

The court agrees that defendants' liability should be limited to the period June 12, 2007 to February 6, 2008. Prior to June 12, 2007, plaintiff was not in New York State custody, and would not have been available for a resentencing proceeding. Plaintiff submitted evidence that, prior to plaintiff's June 12, 2007 extradition, DOC had acted to confine plaintiff or to enable his confinement by another jurisdiction, by faxing an arrest warrant for Santiago to West Virginia. (*See* Chrono Report at 15 (noting that prior to June 1, 2007, plaintiff was held in West Virginia and Virginia on local charges.); Pl. Mot. at 4.) Plaintiff's parole was revoked at a June 19, 2007 hearing on Rikers Island and he was returned to DOC custody (Parole Revocation Certificate of Disposition, Ex. M to Am. Compl., ECF 12-13.) After his release in January 31, 2008, plaintiff again absconded on February 6, 2008, and was not within New York's jurisdiction until September 14, 2010. (Chrono Report at 2.) Furthermore, in early 2008, "prompted by the New York Court of Appeals' decisions in *Garner* and *Sparber*," defendants developed a process for resentencing individuals serving administratively-imposed terms of PRS. *Betances II*, 837 F.3d at 172; (*see* July 2008 Memorandum of Understanding, ECF No. 82 Ex. C (signed by Annucci and Tracy.)) Defendants then began to take what the Second Circuit termed "reasonable steps

toward bringing DOCS and DOP into compliance with *Earley I*." *Id.*

Given the plaintiff's failure to adduce any evidence showing that defendants acted unreasonably after February 6, 2008, when plaintiff was no longer reporting to DOP and possibly outside of New York's jurisdiction, and because defendants took "reasonable steps" shortly thereafter, the court concludes that defendants are entitled to qualified immunity beginning on February 6, 2008, when plaintiff absconded. Thus, although the court concludes that Annucci, Fischer, and Tracy are liable for plaintiff's false imprisonment pursuant to § 1983, their liability is limited to the period between June 12, 2007 to February 6, 2008, during which period plaintiff was extradited by New York State and served a custodial term for violating the terms of his PRS due to the inaction of defendants.

Second, defendants argue that unlike *Betances*, "no Defendant can here be found to have acted unreasonably" because "the record here establishes that Defendants did not have Plaintiff's sentencing minutes." (Def. Mot. at 18.) As Judge Scheindlin has explained in *Betances*, however, "the lack of [sentencing] minutes does not relieve defendants of liability," because in 2008, "DOCS sent letters to judges requesting the sentencing minutes," and "there is no reason that DOCS could not

have done the same after *Earley*" two years earlier. *See Betances*, 144 F. Supp. 3d at 454 n.95. Furthermore, as Annucci stated in a June 4, 2008 Affirmation, between March 12, 2007 and April 20, 2007, DOCS and DOP manually reviewed approximately 40,000 inmate files to "ascertain . . . whether the sentence and commitment order . . . affirmatively noted that the required PRS period was a part of the sentence." (Annucci Aff. at ¶¶ 39-40.) Whether or not plaintiff's records were included in the reviewed set, the fact that DOP and DOCS could undertake such a review indicates that they could have similarly instituted a process whereby they confirmed the validity of PRS terms prior to seeking enforcement of those terms. Such a review would have revealed that plaintiff – who was extradited to New York on June 12, 2007, nearly two months after DOP and DOCS completed their manual review – did not have a PRS term imposed by the sentencing judge as indicated on his Sentence and Order of Commitment. (*See* Sentence and Order of Commitment, ECF No. 12-3.)

Third, defendants repeatedly argue that they should be "granted qualified immunity for not having released Plaintiff from PRS" until he was resentenced in 2010. (Def. Mot. at 18 (citing, *inter alia*, *Scott*, 616 F.3d at 109-10); Defendants' Memorandum in Opposition ("Def. Opp."), ECF No. 84 at 16-17.)

For the reasons described *supra*, this argument is inapposite:
Mr. Santiago is not simply claiming that defendants should have
"released [him] from PRS," but is also arguing that defendants
are liable for enforcing a term of PRS they knew to be
unconstitutional and for their failure to seek his resentencing.
(Am. Compl. at ¶ 77.)  Defendants also argue that "even if
certain Defendants breached a duty to refer [plaintiff]" for
resentencing, DOCS and DOP officials did not cause plaintiff
harm, as district attorneys and judges were not engaged in
resentencing until 2008.  (Def. Opp. 2-3.)  Defendants note that
the Second Circuit did not address such issues of causation in
*Betances II*, referring those to the district court on remand.
(*Id.*); *see Betances II*, 837 F.3d at 174 n.2.  In *Betances*,
however, the district court had already found Annucci, Fischer,
and Tracy personally liable; the issue was whether there were
any outstanding questions relating to causation of damages as to
specific plaintiffs' claims.  *Betances*, 144 F. Supp. 3d at 454,
455.  Here, there is a single plaintiff, and there is no dispute
that Annucci, Fischer and Tracy neither took any action to refer
plaintiff for resentencing, nor prompted district attorneys or
judges to begin the resentencing process.

        Finally, defendants contend that the different
obligations and responsibilities of DOCS and DOP officials

justify these officials' inaction in the wake of *Earley*. (*See* Def. Opp. at 11, Def. Mot. at 15-16 (arguing, *inter alia*, that DOCS defendants could not refer plaintiff for resentencing because he was under DOP supervision and because "referral of Plaintiff would have been made by Parole, pursuant to Parole policy.")) This argument flies in the face of the Second Circuit's conclusion in *Betances II* that "*both* DOCS and DOP continued to violate [*Earley I*] retrospectively, by taking no steps to cease enforcing PRS terms that had been added to sentences by DOCs employees." *Betances II*, 837 F.3d at 169 (emphasis added). The ability of, and need for, DOCS and DOP to work together to respond to *Earley* is further demonstrated by the Memorandum of Understanding, which was signed by Annucci as a representative of DOCS and Tracy as a representative of DOP. (July 2008 Memorandum of Understanding, ECF No. 82 Ex. C.)

For the foregoing reasons, defendants Annucci, Fischer, and Tracy are not shielded by qualified immunity from plaintiff's claims for the period June 12, 2007 to February 6, 2008.[10]

---

[10] Defendant argues that the Eleventh Amendment bars damages suits against officials in their official capacity (Def. Mot. at 20), but plaintiff only claims against defendants in their personal capacities (Pl. Opp. at 7). The court therefore need not address this issue.

**III. Plaintiff's State Claims**

Defendants contend that plaintiff's state law claims of false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent hiring and supervision, and *respondeat superior* are precluded by New York State Correction Law § 24 and Executive Law § 259-1.[11] (Def. Mot. at 20.) Plaintiffs do not respond to this argument. The court concludes that the state law claims against the remaining defendants, Annucci, Fischer, and Tracy, must be dismissed. Correction Law § 24 and Executive Law § 259-q(1) operate to divest state courts of jurisdiction over claims for damages against individual officers or employees of DOCS or DOP for acts within the scope of their employment, and require that such claims be brought and maintained against the state in the Court of Claims. N.Y. Corr. Law § 24 (DOCS officers and employees); N.Y. Exec. Law § 259(q)(1) (DOP officers and

[11] Defendants do not specifically move to dismiss Count One, the claim for false imprisonment. (*See* Def. Mot. at 20 (discussing Counts Three to Six.)) Like Counts Three through Six, Count One involves a state law claim against individual officers and executives of DOP and DOCS, and is therefore precluded by Correction Law § 24 and Executive Law § 259-q(1). "Courts have an obligation to address issues of jurisdiction *sua sponte*," and the court therefore dismisses Count One. *Cruz v. New York*, 24 F. Supp. 3d 299, 311 (W.D.N.Y. 2014) (citing *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006)).

employees).[12] Because "[a] state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim," this court lacks jurisdiction over state law claims against Annucci, Fischer, and Tracy. *Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996) (quoting *Moodie v. Federal Reserve Bank*, 58 F.3d 879, 884 (2d Cir. 1995). Plaintiffs' state law claims are therefore dismissed; *see Hassell*, 96 F. Supp. 3d at 385 (dismissing state law claims in a similar case); *see also Cruz v. New York*, 24 F. Supp. 3d 299, 311 (W.D.N.Y. 2014) (concluding that "Correction Law § 24 applies to claims of negligent hiring, retention, and training" and dismissing claims).

**CONCLUSION**

For the foregoing reasons, the court dismisses plaintiff's state law claims (Counts One, Three, Four, Five and Six), and dismisses all defendants other than Annucci, Fischer,

---

[12] In *Haywood v. Drown*, the Supreme Court held that Correction Law § 24 violated the Supremacy Clause to the extent that it conferred immunity on DOCS officers from § 1983 suits in New York State court. *Haywood v. Drown*, 556 U.S. 729, 741 (2009). *Haywood*, however, "does not . . . prevent [§ 24] from stripping New York state courts of jurisdiction over a plaintiff's analogous *state law* claims against DOCS officials." *Hassell*, 96 F. Supp. 3d at 385 (citing *May v. Donneli*, No. 06 Civ. 437, 2009 WL 3049613, at *5 (N.D.N.Y. Sept. 18, 2009)); *accord Rounds v. Thompson*, No. 9:12-CV-953 GLS/TWD, 2013 WL 3187074, at *4 (N.D.N.Y. June 20, 2013) (listing cases); *Doe v. New York*, No. 10 CV 1792 RJD VVP, 2013 WL 816197, at *2 (E.D.N.Y. Mar. 5, 2013).

and Tracy. With regard to Count Two, plaintiff's § 1983 claim, the court **GRANTS** plaintiff's motion for summary judgment as to the liability of defendants Annucci, Fischer, and Tracy for the period June 12, 2007 to February 6, 2008.

By October 11, 2017, the parties shall contact Magistrate Judge Steven Tiscione to schedule a settlement conference. Should the parties fail to reach a settlement by November 10, 2017, they shall file a status letter to that effect, directed to both Magistrate Judge Tiscione and the undersigned judge, and include a proposed schedule for the remainder of discovery.

**SO ORDERED.**

Dated: September 30, 2017
Brooklyn, New York

/s/
Hon. Kiyo A. Matsumoto
United States District Judge

## ADDENDUM B

All issues on this cross-appeal are to be reviewed *de novo*. Plaintiff-Cross-Appellee Jesus Santiago appeals the summary dismissal of his claims related to his illegal incarceration from September 14, 2010 to December 15, 2010, and he appeals the denial of summary as to the same part of his claims. His illegally imposed post-release supervision was unconstitutional in 2007 and was still unconstitutional in 2010.