UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

JESUS SANTIAGO,

      *Plaintiff-Appellee-Cross-Appellant*,

    -v-

SUPERINTENDENT BRIAN FISCHER et al.,

      *Defendants-Appellants-Cross-Appellees*.

Nos. 23-814,
23-855

**STATE DEFENDANTS' CROSS-MOTION FOR THIRTY-DAY EXTENSION TO FILE OPENING BRIEF, AND OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE APPEAL**

Defendants-appellants-cross-appellees Superintendent Brian Fischer, Anthony J. Annucci, and Terrence X. Tracy ("state defendants") respectfully request that the Court extend the time to file their opening brief and appendix by thirty days, from September 21, 2023, to October 23, 2023 (the first business day following Saturday, October 21, 2023). In any event, this Court should deny Santiago's motion to expedite briefing in this appeal. (*See* Mem. of Law in Supp. of the Mot. to Expedite the Appeal ("Mem."), 2d Cir. ECF Dkt. No. 46.)[1]

---

[1] Citations to "2d Cir. ECF Dkt." refer to the lead appeal, No. 23-814. Citations to "Dist. Ct. ECF Dkt." refer to the proceeding below.

## BACKGROUND

In 2002, Santiago pleaded guilty to a felony and was convicted and sentenced to three-and-a-half years' imprisonment in a New York court. At his plea hearing, the judge advised Santiago, and Santiago agreed, that he would receive the minimum term of three-and-a-half years' imprisonment and the mandatory term of five years' post-release supervision (PRS) in exchange for his guilty plea. Although the transcript of the subsequent sentencing hearing has not been located, it is undisputed that the judge did not separately pronounce the PRS term during the sentencing hearing.

Santiago was thereafter transferred to the custody of the New York State Department of Correctional Services (DOCS), which calculated his sentence to include the five-year term of PRS that New York Penal Law § 70.45 required. In 2004, Santiago was released to PRS under the supervision of the New York State Division of Parole. Two years later, this Court held in *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006), that DOCS's enforcement of a PRS term not imposed by the sentencing court violated the plaintiff's constitutional right to due process.

By the time this decision issued, Santiago had absconded from New York and thus was not serving PRS. In June 2007, Santiago was extradited to New York. The Division of Parole found that he had violated his PRS conditions and imposed a time assessment that included reincarceration until February 1, 2008.

Santiago absconded again shortly after his release in February 2008 and did not serve PRS for more than two years. In September 2010, he was apprehended and referred by DOCS to state court for resentencing. The state court resentenced Santiago without a term of PRS, and Santiago was released.

In 2012, Santiago filed this lawsuit in the U.S. District Court for the Eastern District of New York pursuant to 42 U.S.C. § 1983. He sued, among others, state defendants Brian Fischer, former Commissioner of DOCS; Anthony J. Annucci, former Executive Deputy Commissioner and Counsel to DOCS; and Terrence X. Tracy, former Counsel to the Division of Parole. Santiago alleged that the state defendants had violated his constitutional rights by enforcing a PRS term that was not judicially pronounced at sentencing, and he sought compensatory and punitive damages.

3

Meanwhile, Santiago had absconded from his federal supervision arising from an unrelated conviction and was apprehended and returned to federal custody in August 2012. Although he was thus available to prosecute the case at this time, the parties agreed that the case should nonetheless be stayed pending this Court's decisions in other *Earley*-related appeals. (*See* Dist. Ct. ECF Dkt. No. 36.)

In 2014, the district court lifted the stay and the parties engaged in discovery. In 2015, the parties filed cross-motions for summary judgment, which the district court terminated without prejudice to renew pending this Court's decision in *Betances v. Fischer*, 837 F.3d 162 (2d Cir. 2016), which involved related issues of qualified immunity. (*See* Dist. Ct. 2/12/2016 Minute Order.)

In 2017, the parties again filed cross-motions for summary judgment. (Dist. Ct. ECF Dkt. Nos. 78-82, 84-86, 90-91.) The district court (Matsumoto, J.) concluded that the three state defendants were not entitled to qualified immunity. The district court also found them liable for any damages that they had caused Santiago while he was serving PRS in New York between June 2007 and February 2008. (Dist. Ct. ECF Dkt. No. 92.)

In November 2022, the district court denied the state defendants' pretrial motions in limine seeking to present evidence of causation and damages, including evidence of the state defendants' intent to impose the PRS term and impediments to their ability to cease enforcement of that term. (Dist. Ct. 11/18/2022 Minute Order; Dist. Ct. ECF Dkt. No. 202.) After a trial, a jury awarded Santiago compensatory damages of $100,000 and punitive damages of $250,000 against each of the three defendants, for a total of $750,000 in punitive damages. (Dist. Ct. ECF Dkt. No. 208.) The court entered judgment on the verdict on November 30, 2022. (Dist. Ct. ECF Dkt. No. 209.)

The state defendants timely filed a postjudgment motion for judgment as a matter of law, to vacate the judgment and order a new trial, or for remittitur. (Dist. Ct. ECF Dkt. No. 211, 213, 215.) They argued, among other things, that this Court's recent decision in *Vincent v. Annucci*, 63 F.4th 145 (2d Cir. 2023), showed that the district court had erred in precluding evidence of external obstacles preventing the state defendants from unilaterally ceasing to enforce Santiago's PRS term. (*See* Dist. Ct. ECF Dkt. No. 223.) The district court denied the postjudgment motion on April 16, 2023. (Dist. Ct. ECF Dkt. No. 224.)

5

The state defendants timely filed a notice of appeal on May 16, 2023. (Dist. Ct. ECF Dkt. No. 225.) The state defendants sought to challenge, among other things, the district court's (i) summary-judgment ruling on qualified immunity and liability, (ii) evidentiary rulings on the state defendants' motions in limine, and (iii) order denying their postjudgment motion. (*See* 2d Cir. ECF Dkt. No. 12, Form C, Addendum B.) Santiago timely filed a notice of cross-appeal on May 30, 2023, challenging the portion of the district court's summary-judgment ruling in defendants' favor on liability. (Dist. Ct. ECF Dkt. No. 227.)

On June 27, 2023, after receiving all ordered transcripts, the state defendants timely requested a deadline of September 21, 2023, to file their opening brief and appendix. (2d Cir. ECF Dkt. No. 32.) This Court granted the request. (2d Cir. ECF Dkt. No. 35.)

On July 20, 2023, this Court issued a decision in another *Earley*-related case: *Aponte v. Perez*, No. 20-2186, 2023 WL 4630502 (2d Cir. July 20, 2023). In *Aponte*, this Court affirmed in part and vacated in part a summary-judgment ruling in favor of New York defendants, including Brian Fischer and Anthony J. Annucci. *Id.* at *11. The Court remanded

6

the case for, among other things, further factfinding on the availability and extent of compensatory and punitive damages. *Id.* at *5-7, *11.

On July 24, 2023, Santiago moved to expedite the briefing schedule in this appeal. (2d Cir. ECF Dkt. No. 46.)

## ARGUMENT

This Court should grant the state defendants' request for an additional thirty days to perfect this appeal, which would allow the state defendants adequate time to review this case in light of the Court's recent decision in *Aponte* and to engage in meaningful settlement discussions. In any event, this Court should deny the plaintiff's motion to expedite the briefing schedule because such relief would substantially prejudice the state defendants.

A modest extension of thirty days is warranted here for the state defendants to review this Court's recent decision in *Aponte* and determine its impact on the various summary-judgment, evidentiary, and postjudgment rulings at issue in this appeal. At a minimum, the *Aponte* decision speaks to some preliminary matters related to issues presented in this appeal, as Santiago concedes (*see* Mem. at 2, 7-8).

7

For example, *Aponte* explains that punitive damages may be available in cases arising from *Earley,* and that a jury must decide, based on the evidence, whether and how much to award. *See* 2023 WL 4630502, at \*5-6. Here, the district court entered an award of punitive damages after denying the state defendants' pretrial motion to introduce evidence regarding the state defendants' intent—a necessary element for punitive damages, *see id.* at \*6. As a second example, this Court in *Aponte* vacated the summary-judgment ruling in favor of the defendants because the district court had overlooked the "fact-intensive nature" of whether the plaintiff had established a basis for compensatory damages beyond nominal damages. 2023 WL 4630502, at \*7. That reasoning is relevant here to the district court's denial of the state defendants' pretrial evidentiary motions and postjudgment motion, both of which stressed the need for the district court to permit the jury to consider evidence of whether the state defendants could have acted unilaterally to cease the enforcement of Santiago's PRS term before February 2008, or whether external impediments would have prevented such unilateral action at that time.

To the extent *Aponte* has changed the background jurisprudence for this case, the requested extension of thirty days will also permit the state defendants to engage in more meaningful settlement discussions. This Court's Civil Appeals Mediation Program has scheduled a mediation session for August 9, 2023. (2d Cir. ECF Dkt. No. 45.) An extension of time is needed because of the importance of this issue to the State and the time it will take for the State to undertake the rigorous internal review that it performs in deciding whether to seek to settle a case. That review involves not only deliberations within the Office of the Attorney General but also with state agencies and other stakeholders affected by the result.

In any event, this Court should deny Santiago's motion to expedite this appeal and cross-appeal. This appeal from a final judgment and post-judgment order does not fit within this Court's criteria for the expedited appeals calendar, which is used for "appeals from threshold dismissals" of a complaint. *See* 2d Cir. R. 31.2(b)(1). Santiago's three proposed justifications to nonetheless expedite this appeal lack merit, and such relief would prejudice the state defendants.

*First*, Santiago argues that this case has been pending since 2012 (Mem. at 3-4), but he fails to identify any recent development requiring urgency at this stage. Moreover, Santiago is personally responsible or agreed to a significant portion of that overall delay. For example, he was unavailable to prosecute his case when he absconded from federal supervision in 2012. And after he was apprehended, he agreed to stay the case until 2014. As he prompted or consented to this years-long delay, Santiago should not now be permitted to prejudice the state defendants' appeal by speeding up the briefing by a few months.[2]

*Second*, Santiago argues that the issues in this appeal have already been litigated (Mem. at 4-8), but this case presents issues not raised in those previous appeals from other *Earley*-related cases, none of which proceeded to trial. For instance, this appeal raises the question whether the district court erred in precluding evidence of external impediments and the state defendants' intent at a trial for compensatory and punitive damages. This case also presents a unique fact pattern, as Santiago here

---

[2] The case was further delayed in 2020 when Santiago failed to appear for multiple court conferences despite a warning that such failure could result in sanctions or dismissal of the case for failure to prosecute. (*See* Dist. Ct. ECF Dkt. Nos. 141-143, 149.)

claims that he was deprived of due process, even though he agreed at his plea hearing to the mandatory term of five years of PRS.

*Third*, the record in this decade-old case is not "thin," as Santiago asserts (Mem. at 2; *see id.* at 8). The summary-judgment record alone is over 600 pages. The trial transcript is nearly 400 pages, which does not include the trial exhibits or postjudgment motion papers. And the state defendants are also challenging pretrial orders based on additional briefing, exhibits, and transcripts.

Santiago's requested relief would therefore substantially prejudice the state defendants. This case involves an extensive record, both an appeal and a cross-appeal, and multiple legal issues not previously decided by this Court. Thus, counsel for the state defendants has not "already briefed and litigated these issues many, many times," as Santiago contends (Mem. at 8).

Expedited briefing in this case would also exacerbate preexisting scheduling difficulties and this Office's recent workload. An expedited briefing schedule would complicate some of the necessary discussions with relevant agencies and stakeholders, which may be further delayed because of summer vacation schedules. In addition, since the receipt of

11

all transcripts for this appeal in late June 2023, this Office (including undersigned counsel and another principal attorney) has had to dedicate significant time and resources to numerous other proceedings in state and federal courts to meet previously scheduled deadlines. And over the next six weeks, undersigned counsel has, among other matters, three briefs due in state appellate courts and a brief due in this Court in an unrelated appeal.

## CONCLUSION

For the foregoing reasons, this Court should grant the state defendants' motion to extend the time to file their opening brief and appendix to October 23, 2023, and deny Santiago's motion to expedite briefing in this case.

Dated:  New York, New York
        August 3, 2023

Respectfully submitted,

LETITIA JAMES
  *Attorney General*
  *State of New York*
Attorney for Appellants

By: */s/ Blair J. Greenwald*
    BLAIR J. GREENWALD
    Assistant Solicitor General

    28 Liberty Street
    New York, NY 10005
    (212) 416-6102

ANDREA OSER
  *Deputy Solicitor General*
BLAIR J. GREENWALD
  *Assistant Solicitor General*
      *of Counsel*

13

**CERTIFICATE OF COMPLIANCE**

Pursuant to Rules 27 and 32 of the Federal Rules of Appellate Procedure, Oren L. Zeve, an employee in the Office of the Attorney General of the State of New York, hereby certifies that according to the word count feature of the word processing program used to prepare this document, the document contains 2,174 words and complies with the typeface requirements and length limits of Rules 27(d) and 32(a)(5)-(6).

                                                 */s/ Oren L. Zeve*